United States District Court
For The District Of Rhode Island

Oliver Lyons
v. Ca No 04 380T
AT Wall et al

Motion For Summary Judgment

Pursuant To rule 56 of The Fed Rules of Civil Procedure the Plaintiff would ask That he be granted all relief asked for in his Complaint.

Contrary to the rules of Fed Procedure and Case Law the Plaintiff is being denied all relevant discovery that would support his allegations in his Complaint. see attached documents.

The Plaintiff gives specific dates and details of all of his assaults by the Defendants under Facts and Travel.

The Plaintiff submitted medical records to show he was severely beaten and sustained very serious and life threatening injuries.

The Plaintiff alleges he was cuffed behind his back and/or shackled because being in High Security Segregation he must be cuffed behind his back at

all times prior to the opening of his cell door.
The Defendants said in response to the Plaintiff's Request For Documents they would not release the policies because of safety and security and "Confidential"
Justice Hagopian denied my motions to Compel.
These's policies could be viewed "in camera"
King v Conde 121 F.R.D 180 190 E.D.N.Y. June 15, 1988
The Plaintiff ask for all medical records reports, M.R.I, X Rays
The Defendants said the Request was "overburdensome"
Justice Hagopian denied the Plaintiff motion to Compel.
"The Federal Courts reject out of hand claims of burdensomeness which are not supported by a specific detailed showing usually by affidavit, of why weighing the need for discovery against a burden it will impose permits the conclusion that the Court should not permit it"
Natural Resources Defense Counsel v Curtis 189 F.R.D 4 13 D.D.C 1999

Another words Justice Hagopian the Defendants can't avoid discovery by just stating it will be too difficult.
They must prove it.
The Plaintiff asked for all photos taken of his injuries.
The Defendants objected on the grounds of "vagueness."
The Plaintiff gave specific dates of his injuries and where he was transported in his Complaint.
What's vague about that?
The Plaintiff asked for the policy on extractions of an inmate at High Security and the operation of the Camera from the start of the extraction from his cell to the corridor to see the nurse and to a cell behind the hospital to leaving for outside hospital.
The Defendants said it was Confidential.
Justice Hagopian denied the Plaintiffs motion to Compel.
"Prison Officials cannot avoid discovery of relevant information merely by claiming it is "Confidential."
Beach v. City of Olathe Kansas 203 FRD 489 D Kansas 2001

The Plaintiff asked for any extraction tapes of him being extracted
The Defendants objected on the grounds of "vagueness"
The Justice Haggopian denied the Plaintiff motion to Compel.
The Plaintiff described in detail his extractions on June 11 2003 and Feb 26, 2004 and where he was transported and injuries received.
The Plaintiff asked for the policy on the operation of the camera in the cell behind the hospital at High Security
The Defendants objected on the grounds again of "vagueness".
Justice Haggopian denied the Plaintiff motion to Compel.
There is only one camera in one cell
What is vague about that?
Again this is all relevant to my allegations Surveillance cameras, extraction film, photo's of my injuries, additional medical records, cell policies, are all relevant to my Complaint.
This is all discovery the Plaintiff is entitled to under the Fed R of Procedure.

 

The Plaintiff asked for all film of when he was in the cell behind the hospital at High Security.
The Plaintiff details the times he was put behind the hospital after being severely beaten like on Dec 30, 2002 by CO Di Mezza.
The Plaintiff had fractured ribs, lacerated kidneys multiple cuts and bruises, internal bleeding and was denied medical treatment for 3 days and returned to his cell after all the blood was washed out of his cell.
The Defendants said the film is "Confidential"
Justice Hagopian denied the Plaintiff motion to compel.
The Defendants can't avoid discovery by claiming its "Confidential"
They have the burden of proving and can't merely claim its "Confidential" and withhold relevant discovery.
The Plaintiff asked for the policy on the sealing of an inmates cell after he is assaulted.
The Defendants objected on the Request on the grounds of "vagueness"
Justice Hagopian once again denied

Plaintiffs motion to Compel
What's "vague" about the Plaintiffs Request? There is only one policy.
The Plaintiff Requested the policy on what is done with bloody clothing after an assault and what was done with the Plaintiffs bloody clothing after he was repeatedly assaulted at High Security Medical records documents.
The Defendants said It was "Confidential"
Justice Hagopian again denied my motion to Compel.
Prison official cannot avoid discovery of relevant information merely by claiming its "Confidential"
Beach v City of Olathe Kansas 203 F R D 489 D Kan 2001
The Plaintiff asked for all tapes of the Disciplinary Board where he was found guilty of assault and escape
There were 22
The Defendant said "They could produce six"
Where are the other 16?
Items K-Y were never produced by the Defendants and the Plaintiff

believes they didn't produce A-U and all Requests were for relevant discovery and the Defendants should have been Compelled to produce all relevant discovery.

The Defendants' objections on grounds of "Confidential" Overburdensome" "Vagueness" "Security risk" are not genuine and deprived the Plaintiff of all relevant discovery that would have supported the Plaintiff's allegations in his Complaint.

Justice Haggopian's rulings don't have any legal arguments and defy logic and are contrary to the Fed Rules of discovery and only rational from the Defendants perspective.

The Court must decide

Does the Plaintiff assault and injure officers while he's cuffed behind his back and/or shackled and then fracture his ribs three differents times by self inflicting? and kick himself in the head and stomach causing multiple facial fractures and internal bleeding? and multiple cuts and bruises?

Does the Plaintiff beat himself unconscious while cuffed behind his back giving himself 2 concussions and multiple cuts and bruises to his entire body and this is all after he assaults officers while cuffed behind his back and not one officer has ever been injured? Does the Plaintiff go through electronically controled steel doors while cuffed behind his back and shackled?

In Alexander v Rizzo 50 F.R.D. 374 E.D. Pa 1970 the court ordered a police department to compile information requested by the Plaintiff in a section 1983 law suit even though the police claimed it would "require hundreds of employees to spend many years of man hours". The burden and expense involved was not "undue" because the information was essential to the suit and could not be obtained any other way.

Now if the Court will not grant the Plaintiff Summary Judgment then the Court should order me put in a psychiatric hospital and confined to a rubber room with a helmet on. You have my medical records. Or release the Plaintiff to the care and custody of a Circus or appoint legal Counsel. The Plaintiff ask you grant him Summary Judgment.

Plaintiff
original signature Olwei Lyons Pro Se

Certification
This will Certifies that the Plaintiff mailed three copies of enclosed Motion For Summary Judgment and Memorandum with original copy and original signatures to the United States District Court One Exchange Terrace Providence Rhode Island 02903 and one copy of Motion and Memorandum to the Defendants legal Counsel at 40 Howard Avenue Cranston, Rhode Island 02920

Plaintiff
original signature Olwei Lyons Pro Se