UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

V. C. A. NO. 04-380 T

A. T. WALL, ET AL

DEFENDANTS' RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

"A. The cuffing policy of an inmate at High Security on segregation status while in the cell block, corridor, hospital or when an inmate is transported to an outside hospital."

**RESPONSE:** Objection, the policy in question contains confidential information which if disseminated to Plaintiff would compromise the safety and security of the ACI.

"B. The complete medical records of the Plaintiff in the custody of the D.O.C. where he was injured by the Defendants and taken to outside hospitals or Emergency Centers or Intake hospital for treatment, all X-rays, reports, MRI's."

**RESPONSE:** Objection on the grounds of vagueness and that compliance with said request is overburdensome.

"C. All photo's of injuries sustained by the Plaintiff after allegedly being assaulted by officers at High Security."

**RESPONSE:** Objection on the grounds of vagueness.

"D. The policy on the extraction of an inmate at High Security and the operation of the camera from the start of the extraction from his cell, to the corridor, to see the nurse and to the cell behind the hospital to leaving for an outside hospital or Emergency Center."

**RESPONSE:** Objection, the policy in question contains confidential information, which if disseminated to Plaintiff would compromise the safety and security of the ACI.

"E. Any film of all extraction's where the Plaintiff was physically removed from his cell."

**RESPONSE:** Objection on the grounds of vagueness.

"F. The policy on the operation of the camera in the cell behind the hospital at High Security."

**RESPONSE:** Objection on the grounds of vagueness, and that production of any such policy would compromise safety and security; notwithstanding said objection, none.

"G. All film of the Plaintiff for all the time the Plaintiff was in the cell behind the hospital at High Security."

**RESPONSE:** Objection, the policy in question contains confidential information, which if disseminated to Plaintiff would compromise the safety and security of the ACI.

"H. The policy on the sealing of an inmates cell at High Security after he was allegedly assaulted by officer's and injured."

**RESPONSE:** Objection on the grounds of vagueness; notwithstanding said objection, none.

"I. The policy and what was done with the Plaintiffs bloody clothing after allegedly being assaulted by officer's at High Security."

**RESPONSE:** Objection, the policy in question contains confidential information, which if disseminated to Plaintiff would compromise the safety and security of the ACI.

"J. All tapes of the Disciplinary Board where the Plaintiff was found guilty of assault, attempted assault and escape."

**RESPONSE:** Defendants have located audiotapes of Disciplinary Board hearings held that involve Plaintiff where he was charged with either assault or escape. The dates of the hearings are 12/08/03, 02/26/04, 05/15/03, 06/30/03, 10/03/02, 09/22/03. In light of the fact that for security reasons Plaintiff cannot possess audiotapes, Defendants will make the tapes available to him within 30 days.

DEFENDANTS,
By Their Attorney,

Michael B. Grant
Bar No. 3864
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920

CERTIFICATION

The undersigned hereby certifies that on this, the 27th day of April, 2005, I mailed a true copy of the within Defendants' Response to Plaintiff's Request for Production of Documents to Oliver Lyons, P. O. Box 8249, Cranston, R. I. 02920.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

V. C. A. NO. 04-380 T

A. T. WALL, ET AL

DEFENDANTS' OBJECTION TO
PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS

Now come the Defendants in the above-entitled matter and hereby object to the Plaintiff's motion to compel production of documents as and for the reasons proffered in the accompanying Memorandum.

DEFENDANTS,
By Their Attorney,

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

CERTIFICATION

The undersigned hereby certifies that on this, the 27th day of April, 2005, I mailed a true copy of the within Defendants' Objection To Plaintiff's Motion To Compel Production of Documents and accompanying Memorandum to Oliver Lyons, P. O. Box 8274, Cranston, R. I. 02920.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

V. C. A. NO. 04-380 T

A. T. WALL, ET AL

MEMORANDUM

Defendants, contemporaneously with the filing of the instant objection, have filed a response to the Plaintiff's request for production of documents. Accordingly, the instant motion should be denied.

Respectfully submitted,
By Their Attorney,

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

v. C. A. NO. 04-380 T

A. T. WALL, et al

DEFENDANTS' RESPONSE TO ORDER OF
SENIOR UNITED STATES MAGISTRATE JUDGE JACOB HAGOPIAN
DATED MAY 5, 2005

Defendants received notice on May 5, 2005 of this Court's Order of the same date denying in part Plaintiff's motion to compel production of documents and granting in part said motion with respect to Items K through Y. Defendants were given five (5) days from the date of the Order to respond.

Defendants respectfully submit that they were only served with Plaintiff's request for production of documents Items A through J. Defendants never received the document seeking production of documents that listed Items K through Y. However, Defendants did receive service of Plaintiff's request for production of documents listing Items 1 through 22 which, in part, duplicates the previous request of Items A through J. Defendants are in the process of preparing responses to said request. Defendants submit that if Plaintiff, in fact, forwards Items K through Y, Defendants shall timely respond to the same.

DEFENDANTS,
By Their Attorney,

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

CERTIFICATION

The undersigned hereby certifies that on this, the 11th day of May, 2005, I mailed a true copy of the within Defendants' Response to Order of Senior United States Magistrate Judge Jacob Hagopian dated May 5, 2005 to Oliver Lyons, P. O. Box 8274, Cranston, R. I. 02920.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**OLIVER LYONS**

**v.** **C.A. No. 04- 380 T**

**A.T. WALL, et al.**

**MEMORANDUM AND ORDER**

Plaintiff Oliver Lyons, *pro se*, is currently before the Court on a motion to appoint counsel to represent him in the instant civil action.

In the appropriate case, the Court may request that an attorney represent a plaintiff in a civil action. However, there is no absolute constitutional right to a "free lawyer" in a civil case. DesRosier v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). Absent exceptional circumstances, the Court can not appoint counsel in a civil matter. Id. At 23. Exceptional circumstances can include, *inter alia,* the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. Id.

I have reviewed the plaintiff's motion and his complaint. Here, the issues presented in the complaint are not so complex that the plaintiff is unable to represent himself. Moreover, plaintiff's motion and complaint demonstrate that he is able to present the facts and the issues himself. Accordingly, plaintiff's motion is **DENIED.**

IT IS SO ORDERED.

Jacob Hagopian
United States Magistrate Judge
Date: 8 Nov 04

a

Dear Judge Rodgers; 26 DEC 05

I George Goncalves, am writting to you about the situation that occured while before Justice McGuirl, I've enclosed a copy of my legal papers from that time, it covers the hearing for Pre-Trial, and the Violation under case: **P2-023895 and P2-033647.**

Under the current case of: **PM/05-2257,** I went to a violation on bolth of the cases, even thought case: **P2-0234895 only had 3 years by 3 years, that was over with,** and then case: **P2-033647 had a start date of 5-19-2004,** and it was only my second case that should carry two years.

With my probation time running concurrent with all of the cases, I was offered a PLEA for 18 months to serve with Six years of probation, again to run concurrent with my other time to serve, but when I went before the Judge, he said that I had Seven (7) years of probation already, this was totally incorrect.

When I made attempts to correct it, it was taken as if I did not want to work with them, and I was then taken to the Violation Hearing, something that I wanted to avoid, I wanted to wrap everything up in one deal.

There was a total breakdown in communication, even with my own paid attorney, after court, I was able to have him see where they were wrong on the time Ect., but now he wanted more money from me, and my family did not have the funds at this time.

If someone could take the time to just look at my paperwork that is on file, they will see that the docket records are in error, and that my first two cases ran togather, this would only leave me with four years of probation not seven years,
*see case: P2-023895 and P2-033647 3x3 and 5 x 1 to serve, running concurrent.

If the court also looks at the case of Pelliccis V. Sharkey, they will see that case **292 A2d 862,** set the policy that states " if a trial Justice does not state if the time is to run concurrent or not, it will be presumed that the intent was for it to run concurrent."

Due to this total breakdown in communication, and the misunderstanding with my attorney, I am now serving three years at the ACI, with even more time to come, I am asking for your help in this matter, and hope that you may be able to get my plea agreement back on the table.

Thank You for your time in this matter.

Respectfully,

George Goncalves
P.O. Box 8273
Cranston, RI 02920