**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**OLIVER LYONS**

**v.** **C.A. No. 04 - 380 T**

**ASHBEL T. WALL**, et al.

**Report and Recommendation**

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff Oliver Lyons, *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his Constitutional rights. Plaintiff names as defendants numerous employees or officials at the Rhode Island Department of Corrections. On October 15, 2005, plaintiff filed a motion for a preliminary injunction and/or temporary restraining order, seeking to be transferred to a prison in Massachusetts. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that the plaintiff's motion be denied. I have determined that a hearing is not necessary. Campbell Soup v. Giles 47 F.3d 467, 469 (1st Cir. 1995)(an evidentiary hearing is not an indispensable requirement when a court allows or refuses injunctive relief under Fed.R.Civ.P. 65).

**Background**

Plaintiff is an inmate legally confined at the Rhode Island Department of Corrections, Adult Correctional Institutions. Plaintiff names some fifty defendants, all employees or officials at the Rhode Island Department of Corrections. In his Complaint, plaintiff essentially complains of assaults and batteries that have allegedly occurred at the hands of correctional officers or other inmates over a three year period of time. Based upon these allegations, plaintiff seeks relief pursuant to 42 U.S.C.

§ 1983 claiming violations of the Eighth and Fourteenth Amendments.

On October 14, 2005, plaintiff filed a motion for preliminary injunctive relief pursuant to Fed.R.Civ.P. 65. In the motion, plaintiff alleges that on March 22, 2005, he was transferred to Medium Security. Prior to his arrival at Medium, correctional officers discarded his clothes and other personal items. While at Medium, plaintiff alleges that he had that he had an overall increase in privileges and that he did not receive any disciplinary charges. In July 2005, plaintiff alleges he appeared before a classification board. Apparently the board did not adjust the plaintiff's classification favorably and the chairman of the classification board told the plaintiff he was going to get "diesel therapy."[1] Nonetheless in August 2005, plaintiff alleges that he was placed in general population at Medium, where he had yet another increase in privileges, in addition to those privileges already bestowed upon him.

However, within three hours of the upgrade in privileges, plaintiff alleges that correctional officials placed him in segregation and charged him with a disciplinary infraction. Plaintiff alleges that since receiving the disciplinary charge, he no longer receives the privileges once bestowed on him. By way of the instant motion for injunctive relief, plaintiff seeks an order directing the Department of Corrections to transfer him to a prison in Massachusetts.

**Discussion**

As the party moving for preliminary injunctive relief, the plaintiff bears the burden to demonstrate (1) the potential for immediate, irreparable injury; (2) the likelihood of success on the merits of the case; (3) the relevant balance of hardships if the injunction does not issue; and (4) the effect on the public interest of a grant or denial of the motion. See Narragansett Indian Tribe v.

---

[1] The Court is unclear as to what constitutes "diesel therapy."

Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). A failure to demonstrate one of the requirements necessitates a denial of the motion for preliminary injunctive relief.

Here, plaintiff has failed to articulate any basis for a finding of an immediate, irreparable injury. While an inmate need not wait until after a tragic event occurs to seek an injunction to remedy unsafe prison conditions, Helling v. McKinney, 509 U.S. 25, 33 (1993), he must do more than allege the possibility of harm. Id. at 36; Farmer v. Brennan 511 U.S. 825, 834 (1994). Lyons has alleged past injury in his Complaint, but he has neither alleged nor demonstrated that any serious injuries are imminent. Plaintiff, in his motion, seemingly complains about a reduction in privileges.

Moreover, constitutional violations, when properly demonstrated, are presumed to demonstrate "irreparable harm." See National People's Action v. Village of Wilmette, 914 F.2d 1008, 1013 (7th Cir. 1990). However, the reduction in privileges that plaintiff complains about does not reach a constitutional magnitude.

To the extent that plaintiff alleges that the withdrawal of privileges violates the Eighth Amendment, he is mistaken. It is well established that the prohibition against cruel and unusual punishments requires prison officials to "provide humane conditions of confinement" for inmates. Farmer, 511 U.S. at 832. That requirement includes an obligation to "ensure that inmates receive adequate food, clothing, shelter and medical care" and to "take reasonable measures" to provide for their safety. Id. (internal quotation omitted). Establishing an Eighth Amendment violation by prison officials based upon conditions of confinement requires proof that the conditions presented a "substantial risk of serious harm" and that the official has "a sufficiently culpable state of mind described as deliberate indifference to inmate health or safety." Giroux v. Somerset County, 178 F.3d 28, 31 (1st Cir. 1999).

Here, the withdrawal of privileges fails to come within the reach of the Eighth Amendment because it is not a condition or a situation which presents a substantial risk of harm. Rather, plaintiff complains about ordinary incidents of prison life.

Similarly, to the extent that the plaintiff is claiming a violation of the due process clause due to his placement in an less-desirable confinement facility, such a claim is without merit. The United States Supreme Court has made clear that the Constitution itself does not give rise to a liberty interest for inmates in avoiding a transfer to more adverse conditions of confinement. Meachum v. Fano, 427 U.S. 215, 225 (1976). Moreover, in Sandin v. Connor, 515 U.S. 472 (1995), the Supreme Court placed significant limitations on inmates seeking to invoke due process protections from interests or expectations created by state law or policies. In Sandin, the Court found that an inmate must demonstrate an ***atypical and significant hardship*** in relation to the ordinary incidents of prison life to invoke protections of due process interests created by state law or policies. Id. at 484 (emphasis supplied).

Confinement in a less desirable facility fails to come within the reach of Sandin. It is not "atypical and significant" in relation to the ordinary incidents of prison life. See id. The withdrawal of privileges fails present a dramatic departure from the basic conditions of plaintiff's sentence. Id. at 485. Thus, plaintiff fails to demonstrate a Fourteenth Amendment due process violation.

**Conclusion**

Accordingly, plaintiff has failed to demonstrate an immediate, irreparable injury and that he is entitled to preliminary injunctive relief. I recommend that plaintiff's motion for preliminary injunctive relief be denied. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); LR Cv.

72(d). Failure to file timely, specific objection to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
January 24, 2006