United States District Court
For The District Of Rhode Island

Oliver Lyons
V
A T Wall et al
Ca No 04 380T

Objection to Report and Recommendation by Jacob Hagopian Magistrate Judge.

On October 15, 05 The Plaintiff filed a motion for preliminary injunction and/or temporary restraining order seeking to be transferred to a prison in Massachusetts

Justice Hagopian recommends that the Plaintiffs Motion be denied.

On page two of Justice Hagopian's recommendation he states

That on August of 2005 plaintiff alleges that he was placed in general population at Medium Security

However within three hours of the upgrade in privileges the plaintiff. was put back in Segregation by prison officials and charged with a disciplinary infraction.

This is completely false and not in the Plaintiffs motion.

The Plaintiff submitted to the Court an Affidavit with attached Travel Sheet and disciplinary history sheet showing the Plaintiff never received any discipline infraction whatsoever on August 15, 2005 and was moved back to Segregation on August 15, 2005 and Classified to High Security the very next day.

On page two of the Report and Recommendation under

Discussion

As the party moving for preliminary injunctive relief the Plaintiff bears the burden to demonstrate (1) the potential for immediate irreparable injury.

The Plaintiff has submitted to the Court his medical records showing he has been repeatedly taken to outside hospitals with multiple fractures and numerous cuts and bruises lacerated kidneys, liver internal bleeding all after being assaulted while cuffed behind his back

Justice Hagopian has denied all relevant discovery to

support his allegations of abuse.
The Plaintiff gives specific dates and details of all his assaults by the Defendants and his injuries.
The Plaintiff alleges he was cuffed behind his back and/or shackled because being a High Security Segregation status inmate he must be cuffed behind his back at all times prior to the openning of his cell door
The Defendants said in response to the Plaintiffs Requests for documents they would not release the cuffing policies because "safety and security" reasons
Justice Hagopian denied my motion to compel
These policies could be viewed "in camera"
King v Conde 121 F R D 180 190 E D N Y June 15 1988
The Plaintiff asked for additional medical records, reports, X Rays MRIs to support his allegations of abuse.
The Defendants said, The Request was "overburdensome"

Justice Haggpian denied the Plaintiff motion to compel.
The Federal Courts reject out of hand claims of "burdensomeness" which are not supported by a specific detailed showing usually by affidavit of why weighing the need for discovery against a burden it will impose permits the conclusion that the Courts should not permit it.
Natural Resources Defence Counsel v Curtis 189 F R D 413 DDC 1999.
In other words Justice Haggpian the Defendants can't avoid discovery by just stating it will be too difficult.
They must prove it.
The Plaintiff asked for photo's of his injuries.
The ~~Other~~ Defendants objected on the grounds "vagueness".
The Plaintiff gave specific dates of his injuries and where he was transported.
Whats vague about that?

The Plaintiff asked for the policy on extraction of an inmate at High Security and the operation of the camera from the start of the extraction from his cell, to the corridor, to see the nurse and to cell behind the hospital to leaving for outside hospital.
The Defendants said it was Confidential
Justice Hagopian denied the Plaintiffs Motion to Compel
"Prison Officials cannot avoid discovery of relevant information merely by claiming its Confidential
Beach v City of Olathe Kansas 203 F.R.D 489 D Kansas 2001
The Plaintiff asked for any extraction tapes of him being extracted tapes of June 11, 2003 and Feb 26, 2004 for example where the Plaintiff was severely beaten and received severe injuries.
Justice Hagopian denied the Plaintiff motion to Compel after Defendants said the film was "Confidential"

The Plaintiff asked for the policy on the operation of the camera behind the hospital at High Security. The Defendants objected on the grounds of vagueness. Justice Hagopian denied the Plaintiffs Motion to Compel. There is only one camera in one cell and one policy. What is vague about that? Again this is all relevant to my allegations of abuse at High Security. Surveillance cameras, extracting films, photos of my injuries, additional medical records, cutting policies are all relevant to my Complaint. This is discovery the Plaintiff is entitled to under the Fed Rules of Procedure. The Plaintiff asked for all film when he was behind the hospital at High Security. The Plaintiff details the time in was in the cell like on December 30 2002 after being severely beaten by Defendant DiMezza while he was called

behind his back in his cell.
The Plaintiff had fractured ribs, lacerated kidneys, multiple cuts and bruises, internal bleeding and was denied medical for 5 days and returned to his cell after all the blood was washed out of his cell.
The Defendants said the film is "Confidential"
Justice Haggopian denied the Plaintiffs motion to Compel
The Defendants can't avoid discovery by claiming its "Confidential"
They have a burden of proving and can't merely claim its "Confidential" and withhold relevant discovery.
The Plaintiff asked for the policy on the sealing of an inmates cell after he is assaulted
The Defendants objected on grounds of "vagueness"
Justice Haggopian again denied the Plaintiffs motion to Compel
There is only one policy on the sealing of cells!

Whats vague about the Plaintiffs Requests?

The Plaintiff requested the policy on what is done with an inmates bloody clothing after an assault and what was done with his bloody clothing after repeatedly being assaulted at High Security

The Defendants said It was "Confidential"

Justice Hagopian denied my motion to Compel

Prison officials cannot avoid discovery of relevant information merely by claiming its "Confidential"

Beach v City of Olathe Kansas 203 FRD 489 D Kansas 2001

The Plaintiff asked for all tapes of the Disciplinary Board at High Security where he was found guilty of assault and escape despite being cuffed behind his back and no officer being injured!

There were 22

The Defendants produced six

Where are the other 16?

Items K-Y were never produced in the Plaintiffs request for

production and the Plaintiff believe they never produced A-V and all requests were relevant and they should have been compelled to produce relevant discovery. The Defendants objections on grounds of "Confidential" "burdensome" "Vagueness" Security risks are not genuine and deprived the Plaintiff relevant discovery to supports his allegations and Justice Hagopians rulings have allowed my beatings and abuse to continue. Justice Hagopian's rulings don't having any legal standing and defy logic and are contrary to the Fed Rules of evidence and are only rational from the Defendants perspective to keep his abuse covered up. If Justice Hagopian looks at the Plaintiffs Travel sheet and Disciplinary history sheet he will find he didn't receive any discipline infraction and was put in population after being discipline free and then returned

to Segregation 3 hours later.
The Plaintiff never claims to have been disciplined and this was a very important element of his Complaint.
If the Magistrate looks at the Plaintiff's medicals submitted with an affidavit, the Plaintiff the Plaintiff's travel sheet showing he was repeatedly moved to Medium I and Intake after severe beatings that the Plaintiff clearly demonstrated (1) the potential for immediate irreparable injury (2) The likelihood of success on the merits of the case (3) The relevant balance of hardship if the injunction does not issue (4) the effect on the public interest of a grant or denial of the motion.
A failure to demonstrate one of the requirements necessitate a denial of the motion for preliminary injunctive relief.
Justice Hagopian demonstrates a deliberate indifference to the Plaintiff's

 11

numerous assaults and severe injuries and pain and suffering.
I am asking Chief Justice to view all the Plaintiff's medical records and Justice Haggopian's ruling on discovery and deny the Report and recommendation
There are documents in the Plaintiff file in case Ca No 380 / that demonstrate what could be the worst case of prisoner abuse in the United States
I ask you find in the Plaintiffs favor and deny this unfounded Recommendation.

Plaintiff Pro Se
[signature]
P.O. Box 8273
Cranston, Rhode Island 02920

Certification

The Plaintiff certifies that he mailed two copies and the original of his objection to Magistrate Hagopian's Report and Recommendation with the Plaintiff's original signature Memorandum and also one copy to the Defendants Attorney at 40 Howard Ave Cranston R.I. 02920 The Plaintiff mailed 2 copies and original to the United States District Court One Exchange Terrace Providence Rhode Island 02903

Plaintiff
Olivier J Lynes Pro Se
P.O. BOX 8273
Cranston Rhode Island 02920