United States District Court
For The District Of Rhode Island

Oliver Lyons
v
A T Wall Etal
Captain Anderson
Officer Dennett
Officer Di Mezza
Officer Duarte
Officer Violante

42 USC 1983
Civil Action
Ca No 04 380 T

FILED
MAR 27 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

Jurisdiction

This Court has lawful Jurisdiction over this legal action pursuant to section 42 USC 1983

This Complaint also invokes the Pendant Jurisdiction of this Court

Parties

The Plaintiff Oliver Lyons is a 56 year old white male prisoner in the care and custody of the Rhode Island Department Of Corrections in Cranston, Rhode Island 02920

Lyons V A.T. Wall Etal Complaint

Parties

Defendants

The Defendants A T Wall and Captain Anderson are being sued in both their individual and official capacity viz on the theory of respondent Superior

The Defendants Dennett DiMezza Duarte and Violante make up the rank and file and are being sued in their individual and official capacities

At all times material and relevant to the facts alleged in this Complaint the Defendants acted under the color of State law

This is a civil action law suit being brought and filed by the Plaintiff Oliver Lyons a prisoner in the care and custody of Defendant officials Wall Etal

Lyons v Wall Etal Complaint

Pursuant to U.S.C. 42 1983 the Plaintiff alleges the Violation and Abridgement of Constitutionally protected rights under the 14th Amendment viz the right to Due Process of law and the right to be protected from cruel and unusual punishment under the 8th Amendment

The Plaintiff also seeks the right to a jury trial on demand, a declaratory judgment that holds the Defendants responsible for their wrongful misconduct and actions, monetary damages and injunctive relief

Lyons V Wall Etal Complaint

# Facts And Travel Of Case

1

# Facts And Travel Of Case

November 3, 2001 while housed at High Security in E block Seg area I ask Defendant Dennett the block officer for a writing pen repeatedly and he ignores me and denies my requests.

I state to officer Dennett that since he has a problem doing his job that I want to see the brass (area supervisor) about an hour later the area supervisor Defendant Patnaude shows up in block and comes over to my cell and says "we "are going to kick your ass" He then orders the control center officer to open my cell door and then along with Defendant Dennett and Defendant Tierney grabs me by the throat and pushes me up against the wall while Dennett and Tierney grab me by the arm and leg and throw me down on the cell floor.

I am not handcuffed as this assault upon my person is being committed and I am definitely not resisting.

Dennett has hold of my leg as Patnaude continues to apply a choke hold to me and Tierney places his knee to my chest Dennett continues to apply pressure to ~~leg~~

Facts And Travel of Case

my leg and states he is going to break my fucking legs. Dennett continues to apply pressure to my leg until it makes a loud cracking sound

I am hollering out and screaming in pain and they all exit my cell leaving me on the floor writhing in pain

About a half hour later Patnaude returns to my cell and says he will have me taken to see the nurse if I agree to tell her I hurt my leg kicking the door

I agree just to get to the prison infirmary to see the nurse.

I tell nurse Greydus I was assaulted by Patnaude Dennett and Tierney and LT Patnaude get mad and slaps me in front of nurse Greydus. I am cuffed

Nurse Greydus has me transported to outside Emergency Center Stat Care

I am treated for multiple abrasions and severely swollen knee and arm abrasion.

The following day Nov 4 2001 I am returned to Stat Care to have my knee drained.

On Nov 14 2001 and MRI confirms three torn ligaments

## Fact And Travel Of Case

In an attempt to cover up their misconduct and assault on my person I am booked and charge with assault attempted assault and resisting.
The High Security Disciplinary Board me guilty and the booking is upheld by Warden Weeden on appeal.
LT Patnaude is no longer a Defendant and passed away in July 2003

December 17 2001 I am again physically assaulted Defendants DiMezza Duarte and Leduc and LT Yakey their command supervisor after being set up in the outside recreation cage.
When I am put in the recreation cage with another inmate although the recreation yard officer Leduc knows I'm on single recreation status.
This status means I taken recreation in a locked yard by myself.
The only way to be taken off single recreation is to put in a written request to a supervisor.
Defendant LT Yakey has also passed away!

Facts And Travel Of Case

Once in the recreation cage I am attacked immediately by prisoner Randy De Mello and officers responding to Security code viz Di Mezza, Duarte Leduc Etal enter the cage throw me to the ground and repeatedly punch and kick me in the head, face and back as LT Yabey looks on.
Inmate De Mello is not touched and is handcuffed and escorted to the hospital infirmary.
I am handcuffed and beaten and dragged face down all the way to the hospital infirmary.
I am wearing a large knee brace.
I am again taken to Stat Care Emergency center with multiple abrasions and bruises to almost my entire body.
X Rays show my 8th and 9th ribs are fractured.
De Mello later admits to me that Defendants Di Mezza Duarte and Dennett put him up to attacking me so they could enter the recreation yard and beat me.

Facts and Travel of Case

August 28th 2002
Defendants Anderson the shift Commander Defendant Dennett and an unknown officer enter my cell in the E block area after a code blue is called saying I was suicidal and I am again beaten.
A code white is called if an inmate is suicidal.
The Plaintiff has abrasion on his forehead and cheek and swollen jaw

X Rays are inconclusive so prison doctors order an MRI be done however the Plaintiff is never taken for an MRI.
The Plaintiff is then found guilty of assault by the Disciplinary Board, like always and my appeal denied.

Fact And Travel of case

December 30, 2002 while in my cell E6 in E block Segregation area Defendant DiMezza ordered me to cuff up (Be handcuffed) I complied with his order and he then instructs the control center officer working the block with him to open the door of my cell and immediately began to attack me and assault me while I'm cuffed behind my back. I am defenseless and no position whatsoever to resist or put up a defense

I am beaten severely on this day by Defendant DiMezza and complain to nurse Greyclus that in addition to the obvious cuts and bruises that I am having difficulty breathing coughing up blood and urinating blood and nurse Greyclus tells me she was given orders that I'm "not to be sent to outside hospitals." She does not tell me whom the orders came from

Facts And Travel of Case

Again I am booked for assault on Di Mezza in spite of having been cuffed behind my back the entire time of the incident as it took place

On January 3, 2003 After four days of bleeding internally and having difficulty breathing one LT Langlois 3rd shift supervisor after witnessing my injuries sent me over to Intake hospital

X Rays showed a fracture of my 10th rib and a piece broken off and large amounts of blood in my urine.

The next day January 4 2003 a male nurse told me I was bleeding internally but that Doctor Motola told nursing staff not to tell me because he was also under orders not to send me to outside hospitals.

One internal affairs division for the D.O.C. VIZ Inspector Lopez took pictures of my injuries and asked Did you call or say something ugly about Di Mezzas wife?

8

Facts And Travel of Case

It should also be noted, that on numerous occasions whenever I appeared in State Superior Court that I attempted to make whomever the Judge was that I was appearing before aware of the fact I was being physically abused by the staff of High Security on a daily basis and that I literally feared for my life.

Justice's issued protective orders ignored by the Department of Correction.
I am moved to other block but exposed to the same officers who abuse me,
The Warden and Deputy Warden refused to put me in Protective Custody.

I was moved to Medium Security on July 9 2002 and returned one week later I was moved to Medium Security on July 9, 2003

Facts and Travel of Case

and returned on August 19 2003 after I was assaulted by a State Marshal on August 14 2003 and wrote the Director five days later I was returned to High Security In November 2004 I was moved to Intake Service Center from High Security and on March 22 05 moved from Intake to Medium I Security once again.
On August 23 I was moved from Med I to Intake and then on November 17 2005 I was moved to Maximum Security On February 2, 2006 I was moved to New Hampshire State Prison and on March 9 2006 I was moved from New Hampshire State Prison back to Maximum Security This was done in retaliation for me filing law suits

Facts And Travel of Case

I believe the Court should be aware that the Plaintiff dated and lived with a correctional officers mother and ended the relationship when I found out that her son the correctional officer and her ex husband had sexually abused her granddaughter a special needs child.

I had gone before this childs teacher's Principal and head of the Special Ed Department along with a State Mediator who agreed with me that this child wasn't receiving the help she needed.

On or about June 11, 2003 while housed in E block cell 2 I am told by Defendant Duarte block officer "Lyons you are not getting a shower or recreation today because you were booked four times yesterday and you are locked in and fed."

I wasn't getting showers and was being told if I left the cell I would be assaulted!

Facts and Travel of case

After being told by Defendant Duarte on June 11 03 that I wasn't getting a shower he returns to my cell and says in a loud voice "Lyons you want a shower and recreation."

I said "no" thinking this must be a set up and I was right. Defendant Captain Anderson was standing out of sight and when I refused he ran to my cell and said "Lyons you are a liar you were offered shower and recreation" and refused cuff up.

I said "let me explain"

He said "cuff up or I'll extract you."

He wasn't aware I was locked in until seen by the Disciplinary Board because of bookings by Defendant Duarte

Defendant Anderson left the block.

LT Vakey who is also dead along with LT Patnaude showed up at my cell with gas and told me to "lay in the middle of the cell floor" and he called Captain Anderson and said "Lyons is in the middle of the floor with his hands behind his back."

Fact and Travel of Case

Then LT Patnaude showed up and said "Yak we have to talk."
I layed on the floor for over a half hour and then a full extraction team came in my cell and kicked and punched me and then beat me behind the hospital infirmary in a cell with a camera in it.
There should be the camcorder film operated by Defendant renshaw and the film from the camera in the hospital cell Surveillance tape
I was transported to Rhode Island hospital and rushed into the Trauma Unit with multiple fractures, cuts, bruises and lacerated eye cornea
Most of my injuries were sustained from being beaten and tortured by Defendant Violante and Duarte
Defendant Violante repeatedly attempted to pull my I out
I was suppose to go back to see eye doctors and plastic surgery

Facts and Travel of Case
On February 26 04 the Plaintiff is assaulted while cuffed behind his back and being escorted by Defendant Duarte and Violante
I am thrown up against a window frame severely cutting my head and while bleeding Defendants Duarte and Violante drag me down a corridor to a metal detector.

Then they grab me by the throat and put me in a recreation cage outside bleeding without medical treatment
I am then taken to the nurse Foggarty and put in a cell behind the infirmary with a camera in it, Blood is leaking through a bandages
Then Defendant Captain Anderson said I must go to Rhode Island hospital with the same officers who assaulted me.
I refuse
I told Captain Anderson I was not going to the hospital with Defendant DiMezza

## Facts and Travel of Case

While I lay on a bunk in back of the infirmary in a cell with a camera in it all of a sudden in rushes an extraction team lead by Defendant Di Mezza

I am beaten down the corridor and a van and my nose and eyes are cut and I am taken to Intake hospital where Doctor Allen tells me I must go to Rhode Island hospital with again the same officers who assaulted me. I refuse and tell Dr. Allen to stitch me up there. He does.

On February 27 04 Defendant Di Mezza enters my hospital cell and assaults me and I defend myself and I am beaten again and repeatedly kicked by Defendant Di Mezza and returned to High Security and put in a cell with a camera in it and refuse medical treatment.

Facts And Travel of Case

Plaintiff further alleges and contends that in addition to numerous physical beatings and assaults that Defendant officials have subjected him to that he has also been made to endure emotional and psychological pain and suffering viz Defendants and their agents

As they have knowingly and willfully allowed the Plaintiff to be physically and psychologically abused in the following ways

Denied flushing toilet, running water recreation, showers, meals spit in his food destroyed personal property and mail and withheld legal mail and blocked Plaintiffs access to the Courts, law cart law books law clerk and put the Plaintiff in fear of further abuse and perhaps killed by reckless malicious sadistic cruel and wanton actions of Defendants and their agents perpertrated against the Plaintiff.

# Facts And Travel of the case

The sheer rapidity and number of incidents chronicled here by the Plaintiff with regard to the alleged facts of the assaults committed upon my person and overall abuse that I have been subjected to Viz the Defendants here in my Complaint demonstratively shows in and of itself a long standing and continuous pattern of physical and psychological abuse that has been knowingly wantonly willfully and maliciously been inflicted upon the Plaintiff by the Defendants and their agents

Where taken together as a whole the Plaintiff would argue that the constant physical abuse and assaults and numerous injuries upon his person and torment and attempts on the part of the Defendants to cover up their sick and cowardly behaviour by booking the Plaintiff repeatedly for assault attempted assault and escape and that the Plaintiffs Constitutional rights have been violated

Fact And Travel of Case

in some of the most egregious ways imaginable.

## Claims

1st cause of action

The Plaintiff states and asserts that Defendants Violated the 8th Amendment Prohibition against cruel and unusual punishment by subjecting him to a constant barrage of physical assaults and excessive use of force against his person knowingly willfully and with malicious intent to cause physical harm as well as emotional pain and suffering to the plaintiff as stated and enumerated under facts and Travel on pages 1 — 17

## Legal Arguments

The cruel and unusual punishment clause was designed to protect those convicted of crimes

The Treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the 8th Amendment Helling v McKinney 509 U.S. 25 31 113 S CT 2475 2480 1993 when prison officials place prisoners in dangerous surroundings .... When they are Deliberately Indifferent to a prisoners health and safety

Claims

they violate the Constitution Cortes-Quinones v Jimenez Nettleship 842 F 2 D 556 558 1st Circuit 1988

1st Cause of action

Legal Argument

Farmer v Brennan 511 U.S 825 114 S Ct 1970 128 L 2d 811 1994 holding a prison official is Deliberately indifferent when the official know of and yet disregard an excessive risk to prisoners heath and safety

2nd Cause of Action

The Plaintiff states and asserts that Defendant officials Wall et al violated the Plaintiffs Due Process Rights under the 14th Amendment by subjecting him to an unfair and arbitrary disciplinary process calculated to cover up his abuse and take away good time earnings and lenghten his sentence.

This was done to punish the Plaintiff and was only done in relaliation to when the Plaintiff attempted to expose his abuse to the courts and Attorneys.

Claims:
2nd Cause of Action: Due Process

Legal Argument

For Defendant officials to be held in violation of Plaintiff Due Process rights they must have first subjected him to an atypical and significant hardship ... in relation to the ordinary incidents of prison life Sandin v Conner U.S Supreme Court ~~45~~ 515 U.S. 472 484 1995 as the standard of review set up by the High Court to determine whether the State has created a liberty interest for its prisoners. Plaintiff has been confined to a Segregation cell for 6 years and argues and maintains that if not for the fabricated and false discipline infractions to keep locked in a Segregation cell the Plaintiffs sentence would not have been extended and the Plaintiff would have had the benefits of population.

# Relief

A Plaintiff may have a Federal cause of action under 42 USC 1983 For alleged Violations of his or hers Constitutional rights. To establish a Violation of 42 USC 1983 A Plaintiff must demonstrate

1 That he or she was deprived of rights and privileges or immunities secured by the Constitution or laws of the United States

2 That the challenged conduct was committed ~~under~~ by a person acting under the color of State West v Atkins 487 U.S. 42 48 1986

Relief

The Plaintiffs in proceeding Pro Se his pleadings and allegations contained in his Complaint should not be held to the same standard of pleadings required by lawyers Haines v Kerner 404 United States Supreme Court

Where upon The Plaintiff seeks and believes himself to be entitled to the following relief to be provided and granted by this Honorable Court

A. Preliminary Injunctive Relief that halts and puts an end to Defendant officials continuous practice of physical assaults and abuse of Plaintiff

B. A jury Trial on demand

C. A declaratory judgment against the actions of Defendants Wall Etal in of Plaintiff

## Relief

D. A Court order directing Defendants to re instate any and all good time taken away from the Plaintiff as a result of falsified Disciplinary reports filed against him

E. Punitive and compensatory monetary damages in the amount unspecified to be determined by a jury

F. Costs and legal expenses incurred to be repaid to the Plaintiff and/or Attorney

G Barr the Defendants from retaliating against the Plaintiff in any way conceivible for as long as the Plaintiff remains in the care and custody of the Defendant officials Wall Et al)

H Any other relief that this Honorable Court determines to be just and fair

Plaintiff Pro Se

March 20, 06 Oliver Lyons

Oliver Lyons
P.O. Box 8273

# Verified Complaint

This is a verified Complaint The undersigned clearly attest under penalty of perjury that the facts alleged to in this Complaint are true and correct to the best of my knowledge and belief

March 20, 06 Oliver Lynne
Plaintiff Pro Se
P.O. Box 8273
Cranston Rhode Island 02920

Sworn and subscribed to before me on this 20th day of March 2006

Notary Public

my commission expires 9/22/09