United States District Court
For The District Of Rhode Island

Oliver Lyons
V
A T Wall Etal

Ca No 04 380T

Motion For An Order Compelling Discovery

Plaintiff moves this Court for an order pursuant to Rule 37 of the Federal Rules of Civil Procedure compelling Defendants to produce the photo's, films, policies reports and other documents asked for in the Plaintiffs Request For Production Of Documents.

What the Plaintiff asked for is all relevant to his allegations of being repeatedly assaulted and where the Plaintiff sustained very serious and life threatening injuries enumerated in his amended Complaint Ca No 04 380T under Facts and Travel.

Attached to this Motion to compel discovery is the Plaintiffs Request For Production Of Documents, with Memorandum of law and a copy

of the Defendants Responses To Plaintiffs Request For Production of Documents.
The reason given by the Defendants for not producing relevant discovery is rejected by the Federal Courts.
For the Defendants to tell the Plaintiff and the Court that medical records, photo's of Plaintiffs injuries, extraction film, Surveillance tapes and film, audio tapes written reports is not admissable evidence unfounded and obviously the Defendants can't justify withholding this relevant discovery so they tell the Plaintiff and the Court its not admissable evidence.
I believe the Court is to make that determination not the Plaintiff nor the Defendants
The Plaintiffs request the Defendants be Compelled to produce all discovery asked for in the Plaintiffs Request For Production of Documents
The Plaintiff asks this Court to grant his Motion to Compel.

Plaintiff Pro Se

May 22, 06 Oliver Lyons

P.O. Box 8273

Certification

On the 22 day of May 2006 The Plaintiff mailed the original and a copy of his Motion to Compel the Production Of Documents with the Plaintiffs Request For Production and the Defendants Responses To Plaintiffs Request For Production Of Documents attached to the Plaintiffs Motion to Compel with Certification. The Motions to Compel were mailed to United States District Court One Exchange Terrace Providence Rhode Island 02903 and the Defendants Legal Counsel 40 Howard Avenue Cranston Rhode Island 02920

Plaintiff Pro Se

May 22 06 Oliver Lynn

P.O. Box 8273

Cranston Rhode Island 02920

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

v. C. A. NO. 04-380 T

A. T. WALL, ET AL

DEFENDANTS RESPONSES TO PLANTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

"1. Any rules, regulations and policies of the Department of Corrections pertaining to an inmate Classified High Security Segregation."

**PRODUCED:** Defendants object to the instant request on the grounds of vagueness; notwithstanding said objection, Plaintiff, in his facility, has access to Departmental Policies Nos. 15.11-1 and 15.01-2.

"2. Any and all medical records of the Plaintiff while housed at High Security."

**PRODUCED:** A true copy of Plaintiff's medical records, excluding his psychiatric records. Defendants object to the production of psychiatric records on the grounds production would hinder Plaintiff's treatment.

"3. All written statements original or copies identifiable as reports including discipline infractions and medical records, photos of injuries, films about the following incidents 10-18-2000, 4-18-01, 11-3-01, 12-17-01, 8-28-02, 12-30-02, 6-11-03, 8-14-03, 8-19-03, 2-26-04, 2-27-04."

**PRODUCED:** Defendants object to the instant request on the grounds of vagueness, that the same is overburdening and seeks information which is not likely to lead to admissible evidence.

"4. All the audio tapes where the Plaintiff was found guilty of assault 1-31-2000, 10-18-2000, 7-28-01, 8-23-01, 11-15-01, 1-11-02, 8-27-02, 8-28-02, 10-2-02, 12-30-02, 5-11-03, 5-13-03, 6-11-03, 6-28-03, 9-3-03, 9-21-03, 9-21-03, 2-26-04, 2-27-04, 6-8-04,"

**PRODUCED:** Defendants object to the instant request on the grounds of vagueness, that the same is overburdening and seeks information which is not likely to lead to admissible evidence.

"5. The medical records of any officer injured on any of the dates the Plaintiff was charged with assault and found guilty by the discipline Board."

**PRODUCED:** Defendants object to the instant request on the grounds of vagueness, that the same is overburdening and seeks information which is not likely to lead to admissible evidence. Objection is also made on the grounds that the information sought is confidential.

"6. Any reports memo's on why the Plaintiff was moved to Medium Security in 2002, 2003, and 2004 and returned to High Security or Intake"

**PRODUCED:** Defendants object to the instant request on the grounds of vagueness, that the same is overburdening and seeks information which is not likely to lead to admissible evidence. Objection is also made on the grounds that the information sought is confidential.

"7. Any film that shows the Plaintiff self-inflicted any of the injuries that he was transported to outside hospitals or Emergency Centers."

**PRODUCED:** Defendants object to the instant request on the grounds of vagueness, that the same is overburdening and seeks information which is not likely to

lead to admissible evidence. Objection is also made on the grounds that the information sought is confidential.

"8. Any reports on why the Plaintiff was transferred to New Hampshire State Prison on February 2, 2006 and returned on March 9, 2006."

**PRODUCED:** Defendants object to the instant request on the grounds of vagueness, that the same is overburdening and seeks information which is not likely to lead to admissible evidence. Objection is also made on the grounds that the information sought is confidential.

"9. Any investigative reports done by the State Police for any assaults where the Plaintiff was repeatedly transported to outside hospitals and Emergency Center."

**PRODUCED:** Defendants object to the instant request on the grounds of vagueness, that the same is overburdening and seeks information which is not likely to lead to admissible evidence. Objection is also made on the grounds that the information sought is confidential.

"10. The complete discipline records of Defendants Dennett, Duarte, DiMeza, Violante and Anderson."

**PRODUCED:** Defendants object on the grounds that the information sought is not likely to lead to admissible evidence.

DEFENDANTS,
By Their Attorney,

Michael B. Grant, Bar No. 3864
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920

United States District Court
For The District Of Rhode Island

Oliver Lyons
v
A T Wall Etal

Amended Complaint No 04 380T

Plaintiff's Requests For The Production Of Documents

Pursuant to Rule 34 of the Federal Rules of Civil Procedure the Plaintiff requests the Defendants produce the following documents

1. Any rules, regulations and policies of the Department Of Corrections pertaining to an inmate Classified High Security Segregation.

2 Any and all medical records of the Plaintiff while housed at High Security.

3 All written statements original or copies identifiable as reports including discipline infractions and medical records, photos of injuries, filings about the following incidents 10-18-2000, 4-18-01, 11-3-01, 12-17-01, 8-28-02, 12-30-02, 6-11-03, 8-14-03, 8-19-03, 2-26-04 2-27-04.

 

4 All the audio tapes where the Plaintiff was found guilty of assault 1-31-2000, 10-18-2000, 7-28-01, 8-23-01, 11-15-01, 1-11-02, 8-27-02, 8-28-02, 10-2-02, 12-30-02, 5-11-03, 5-13-03, 6-11-03, 6-28-03, 9-3-03, 9-21-03, 9-21-03, 2-26-04, 2-27-04, 6-8-04,

5 The medical records of any officer injured on any of the dates the Plaintiff was charged with assault and found guilty by the discipline Board.

6. Any reports memos on why the Plaintiff was moved to Medium Security in 2002, 2003 and 2004 and returned to High Security or Intake

7 Any film that shows the Plaintiff self-inflicted any of the injuries that he was transported to outside hospitals or Emergency Centers

8. Any reports on why the Plaintiff was transferred to New Hampshire State Prison on February 2, 2006

and returned on March 9, 2006

9 Any investigative reports done by the State Police for any assaults where the Plaintiff was repeatedly transported to outside hospitals and Emergency Centers.

10. The complete discipline records of Defendants Dennett, Duarte, DiMeza, Violante and Anderson.

Plaintiff Pro Se
Oliver Lyons
P.O. Box 8273
Cranston

Memorandum

The defendants must produce all relevant discovery and the reasons given by the defendants for not producing relevant discovery is rejected by the Federal Court

Claims of "burdensomeness"
Natural Resources Defense Council v Curtis 189 FRD 4 13 (D.D.C 1999)

Alexander v Rizza 50 FRD 374 (E.d Pa 1970)

Claims of its "Confidential"
Beach v City of Olathe Kansas 203 FRD 489 D Kansas 2001

"Confidential" and "Security risk"
The discovery can be viewed (in camera)
King v Conde 121 F.R.D 180 190 (E.D. N.Y. Jan 15 1988)

The documents asked for by the Plaintiff is all relevant information that could support the Plaintiffs

5

allegations in his amended Complaint
Ca No 04 380T
The Plaintiff requests the defendants
please respond or he will moved to
Compel production.

Plaintiff Pro Se
Olvell Lyons
P.O. BOX 8273
Cranston, Rhode Island

Certification:

On May 10 2006 the Plaintiff mailed
a Request For Production of Documents
to the Defendants Legal Counsel
Attorney Grant at 40 Howard Avenue
Cranston Rhode Island 02903
The Plaintiff also mailed a copy
to the United States District Court
One Exchange Terrace Providence Rhode
Island 02903

Plaintiff Pro Se
Olvell Lyons
P.O. BOX 8273
Cranston, Rhode Island 02920