**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**OLIVER LYONS**

**V.** **C.A. NO. 04 - 380T**

**A.T. WALL, ET AL**

**ORDER**

This matter is before the Court on the application of the *pro se* plaintiff, Oliver Lyons, to compel the production of documents(Dckt # 51). The motion is **granted in part and denied in part**, as follows:

1. Plaintiff first seeks any rules, regulations and policies of the Department of Corrections pertaining to an inmate classified at High Security Segregation. Defendants have objected to the request, indicating that the plaintiff has access to the policies at his facility. Defendants' objection is **overruled**, and plaintiff's motion to compel this request is **granted**. Defendants are hereby ordered to furnish the plaintiff with any rules, regulations and policies pertaining to inmate's classified at High Security Segregation.

2. Next, plaintiff seeks any and all of his medical records while housed at High Security. Defendants have indicated that they have produced all of plaintiff's medical records except plaintiff's psychiatric records. Defendants indicate that production of the plaintiff's psychiatric records would hinder his treatment. Defendants' objection as it pertains to plaintiff's psychiatric records is **sustained**, and plaintiff's

motion to compel the production of his psychiatric records is **denied.**

3. Plaintiff seeks all written statements, original or copies, identifiable as reports, including discipline infractions and medical records, photos of injuries, and films relating to the following incidents: 10-18-2000, 4-18-01, 11-3-01, 12-17-01, 8-28-02, 12-30-02, 6-11-03, 8-14-03, 8-19-03, 2-26-04, 2-27-04. Defendants have objected on the grounds that the request is of vague and over-burdensome. Defendants' objection is **sustained**, and plaintiff's motion to compel production is **denied**. Plaintiff's request is vague and over-burdensome.

4. Plaintiff seeks all the audio tapes where the plaintiff "was found guilty of assault 1-31-2000, 10-18-2000, 7-28-01, 8-23-01, 11-15-01, 1-11-02, 8-27-02, 8-28-02, 10-2-02, 12-30-02, 5-11-03, 5-13-03, 6-11-03, 6-28-03, 9-3-03, 9-21-03, 9-21-03, 2-26-04, 2-27-04, 6-8-04." Defendants object to the request on the grounds that the request is of vague and over- burdensome. Defendants objection is **overruled in part**, and plaintiff's motion to compel is **granted in part**. Defendants are hereby ordered to provide the plaintiff with <u>access</u> to the above requested tapes, if they exist, and any necessary equipment, so the plaintiff may listen to the tapes and gather whatever information he desires from them. Defendants need not grant custody of the tapes to the plaintiff.

5. Plaintiff seeks the medical records of any officer injured on any of the dates the plaintiff was charged with assault and found guilty by the discipline board. Defendants have objected. Defendants' objection is **sustained** and plaintiff's motion to compel the production of the officers' medical records is **denied.** Plaintiff is not

permitted access to such confidential information.

6. Plaintiff seeks "any reports memo's [sic] on why the plaintiff was moved to Medium Security in 2002, 2003 and 2004 and returned to High Security or Intake." Defendants have objected to the request. Defendants' objection is **sustained,** and plaintiff's motion to compel this request is **denied.** See Association for Reduction In Violence v. Hall, 734 F.2d 63, 65-67 (1st Cir. 1984).

7. Plaintiff seeks production of any film that shows the plaintiff self-inflicting injuries that required him to be transported to outside hospitals or emergency centers. Defendants have objected and indicate that the request is over- burdensome and that the films are confidential. Defendants' objection is **overruled in part**, and plaintiff's motion to compel is **granted in part**. Defendants shall allow plaintiff to view any films that the defendants have in their possession that demonstrate the plaintiff self-inflicting injuries.

8. Plaintiff seeks any reports on why the plaintiff was transferred to New Hampshire State Prison on February 2, 2006 and returned on March 9, 2006. Defendants have objected. Defendants' objection is **sustained,** and plaintiff's motion to compel this request is **denied.** See id.

9. Plaintiff seeks any investigative reports done by the State Police for any assaults where the plaintiff was repeatedly transported to outside hospitals and emergency centers. Defendants have objected. Defendants' objection is **sustained**, and plaintiff's motion to compel this request is **denied**. See id. Items which would tend to reveal

law enforcement investigations are not discoverable.

10. Finally, plaintiff seeks the complete discipline records of Defendants Dennett, Duarte, DiMeza, Violante and Anderson. Defendants have objected. Defendants' objection is **sustained**, and plaintiff's motion to compel this request is **denied**. The request compromises the security of the prison and the confidentiality of the prison's personnel files. Id. at 67.

ENTER:

____________________

PER ORDER:

Jacob Hagopian
Senior U.S. Magistrate Judge
Date: Sept. 5, 2006