United States District Court
For The District Of Rhode Island

Oliver Lyons Ca No 04 380 T
V
A T Wall Etal

Objection to Magistrate Hagopian's Order dated September 5, 2006 where the Magistrate denied relevant discovery the Plaintiff is entitled to to prove his allegations in Complaint 04 380 T The Plaintiffs Request for Production of documents and other items pursuant to Rule 34 of the Federal Rules of Civil procedure were listed 1-10 and the Plaintiff filed a Motion to Compel production Magistrate Hagopian denied the following relevant discovery.

3. Plaintiff seek all written statements original or copies identifiable as reports including discipline infractions and medical records, photo's of injuries

and films relating to the following
10 18 2000 4-18-01 11-3-1 12-17-01
8-28-02 12-30-02 6-11-03 8 14 03
8 19 03 2 26 04 2 27 04
Defendants have objected on the grounds that the request is of vague and over-burdensome
Defendants objection is sustained and plaintiffs motion to compel production is denied Plaintiffs request is vague and over-burdensome.
On the above dates the Plaintiff received very serious and life threatening injuries and was transported to outside hospitals and Emergency Centers and claims he was visciously beaten while cuffed behind his back.
The dates of the assaults are specific and described in detail under Facts and Travel in Complaint Ca No 04 380T
Reports about the assaults and statements made by officers are very relevant.

Photo's of an inmate are taken when he receive any injuries in an assault and is taken to outside hospitals and Emergency Centers.

The pictures are graphic and also very relevant.

Why are photo's taken Magistrate Hagopian?

Why are reports made out?

Why are written statements taken?

Surveillance film and extraction tapes are very relevant and will show whether the Plaintiff self inflicted or was brutally beaten while cuffed behind his back and shackled.

Magistrate Hagopian, when an officer is assaulted and injured the Surveillance film or extraction tape is viewed within minutes and an inmate is State charged Pictures of the officer medical Treatment for injuries and reports of the assault are forwarded to the Attorney Generals Office

The Plaintiffs request is not vague and if it is over burdensome too bad

Memorandum

The Federal Courts reject claims of "burdensomeness"

Natural Resources Defense Council v Curtis 189 FRD 4 13 DDC 1999

Alexander v Rizzo 50 FRD 374 (Ed Pa 1970)

4 Plaintiff seeks all the audio tapes where the plaintiff was found guilty of assault on officers 20 times. Magistrate Hagopian said Defendants need not grant custody of the tapes to the plaintiff.

The Plaintiff seeks the audio tapes to show the discipline infractions were fabricated after the Plaintiff was severely beaten. How were the Defendants assaulted? Where were they assaulted? What were their injuries? Did they seek medical treatment?

The Plaintiff is called violent hostile assaultive and delusional Let the Court hear the tapes Magistrate Hagopian.

5. Plaintiff seeks the medical records of any officer injured on any of the dates the plaintiff was charged with assault and found guilty by the discipline board Defendants have objected.
Defendants objection is sustained, and plaintiffs motion to compel the production of the officers medical records is denied.
Plaintiff is not permitted access to such Confidential information.
The Plaintiff is claiming and alleging that every time he was severely beaten he is charged with assaulting officers and found guilty to cover up for the officers repeatedly severely beating the Plaintiff

Memorandum

Claims of its Confidential
Beach v City of Olathe Kansas

FRD 489 D Kansas 2001
Confidential and Security risk
The discovery can be viewed
(in Camera)
King v Conde 121 FRD 180 190
(Ed N.Y. Jan 15, 1988
This is all relevant discovery
Magistrate Hagopian.

6. Plaintiff seeks "any reports memos" on why the Plaintiff was moved to Medium Security in 2002 2003 and 2004 and returned to High Security or Intake
Defendants have objected to the request Defendants objection is sustained and Plaintiffs motion to compel this request is denied.
The Plaintiff was moved out of High Security in Nov 2004 and never returned despite being Classified High Security Segregation S.R.G.
The Plaintiff was repeatedly moved to Medium after being severely beaten
The Motion to Compel should

not have been denied

8. Plaintiff seeks any reports on why the plaintiff was transferred to New Hampshire State Prison on February 2, 2006 and returned on March 9 2006 Defendants have objected is sustained and Plaintiff's motion to Compel this request is denied.

The Plaintiff was returned after doctors and prison official viewed my medical records and injuries

They were also present when I had a three way Telephonic Conference on February 14 2006 with Magistrate Hagopian and the Defendants legal Counsel Magistrate Hagopian was not aware I was in New Hampshire and attorney Grant told Magistrate Hagopian "I self inflict"

Magistrates rulings are

irrational and bias.
A prisoner is not sentenced and moved to another prison and returned five weeks later Magistrate Hagopian.

9. Plaintiff seeks any investigative reports done by the State Police for any assaults where the Plaintiff was repeatedly transported to outside hospitals and Emergency Centers. Defendants have objected. Defendants objection is sustained and Plaintiff Motion to Compel this request is denied.
Items which would tend to reveal law enforcement investigations are not discoverable.
The Defendants claim the Plaintiff is very violent hostile and assaultive.
Again the Plaintiff has been severely injured many many times. How?
Lets see State Police investigation of injuries I inflicted on officers!

10. Finally plaintiff seeks the complete discipline records of Defendant Dennett Duarte Di Mezza Violante and Anderson
Defendants have objected
Defendants objection is sustained and Plaintiffs Motion to Compel request is denied
The request compromises the Security of the prison and the Confidentiality of the prisons personne files.
The Plaintiff is asking once again for relevant discovery and if the Defendants have a history of assaulting inmates then the Plaintiff has a right to know.
The Plaintiff has a right to know if any of the defendants were disciplined for repeatedly kicking punching and stomping him.
Medical Director Dr Allen quit over what he viewed on an extraction tape! The inmate did not go to the hospital Magistrate Hagopian!

# Certification

The Plaintiff mailed copies of his objection to Magistrate Hagopian having denied the Plaintiff Motion to Compel Production of relevant document to support the Plaintiff's allegations in Complaint 04 380T

The Plaintiff mailed copies to the United States District Court One Exchange Terrace Providence Rhode Island 02903 and to Defendant's Legal Counsel at 40 Howard Avenue Cranston Rhode Island 02920

Plaintiff

Sept 9, 06 Oliver Lyons

P.O. Box 8273
Cranston Rhode Island 02920