UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

V. C.A. No. 04 - 380 T

A.T. WALL, CAPTAIN ANDERSON,
OFFICER DENNETT, OFFICER
DIMEZZA, OFFICER DUARTE
AND OFFICER VIOLANTE

## Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

Oliver Lyons, *pro se*, an inmate incarcerated at the Rhode Island Department of Corrections ("RI DOC"), filed an Amended Complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. Plaintiff names as defendants A.T. Wall, Director of the Rhode Island Department of Corrections, Captain Anderson, and Correctional Officers Dennett, DiMezza, Duarte and Violante (collectively "defendants").

Currently before the Court is the motion of the plaintiff for summary judgement pursuant to Fed. R. Civ. P. 56(c). Defendants have objected thereto. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that plaintiff's motion be denied.[1]

---

[1] The defendants did not timely file a motion for summary judgement.

**Background**

The following are the relevant factual allegations set forth in the Amended Complaint:

1. On November 3, 2001, plaintiff alleges defendant Dennett and Officer Tierney (not a defendant here) entered his cell, grabbed the plaintiff by the throat, pushed him against the wall, and threw him down on the floor. Plaintiff alleges that while on the floor, a person named Patnaude (not a named defendant) applied a choke-hold while Tierney placed his knee on Lyons' chest and Dennett applied pressure to plaintiff's leg until it made a "loud cracking sound."

Thereafter, Patnaude transported the plaintiff to the institutional nurse. Plaintiff alleges that he was then taken to an outside medical center to treat his injuries, which included torn leg ligaments.

Plaintiff alleges he was subsequently charged with disciplinary infractions relating to this incident.

2. On December 17, 2001, plaintiff alleges he was placed inside a single-recreation cage with another inmate. The other inmate immediately attacked the plaintiff. Plaintiff alleges that defendant DiMezza, defendant Duarte, and Officer LeDuc (not a defendant)

entered the cage and also attacked the plaintiff, hitting and kicking him in the head, face and back. Plaintiff alleges that he was then handcuffed, beaten, and dragged to the infirmary. Plaintiff alleges that he was transported to an outside facility for medical care for of his injuries, which included abrasions, bruises and fractured ribs.

3. On August 28, 2002, plaintiff alleges that defendants Anderson and Dennet entered the plaintiff's cell and beat him. Plaintiff alleges that the medical staff at the RI DOC treated the injuries that resulted. Plaintiff also alleges that he was charged with a disciplinary infraction following this incident.

4. On December 30, 2002, plaintiff alleges that defendant DiMezza ordered the plaintiff to "cuff-up" while in his cell. Plaintiff asserts that he complied and his cell door was opened. When it opened, plaintiff alleges that DiMezza attacked him. Thereafter, plaintiff alleges he was taken to the prison infirmary for treatment of his injuries which included a fractured rib.

The RI DOC thereafter charged the plaintiff with a disciplinary infraction following this incident.

5. On June 11, 2003, plaintiff alleges that an "extraction team," apparently composed of correctional officers which included defendants Violante and Duarte, entered his cell. Plaintiff alleges the officers kicked, punched and beat him. Plaintiff was thereafter taken to Rhode Island Hospital for his injuries, which included fractures, cuts, bruises and an eye injury.

6. On February 26, 2004, plaintiff alleges that defendants Duarte and Violante threw the plaintiff against a window, resulting in an injury. Then, plaintiff alleges they grabbed him by the throat and placed him in an outside cage.

Thereafter, Captain Anderson indicated to the plaintiff that he should go to Rhode Island Hospital for treatment. Plaintiff refused. An extraction team then entered the cell where he was confined and allegedly beat the plaintiff. The extraction team then transported the plaintiff to the prison's hospital area where Dr. Allen (not a defendant) examined him. Dr. Allen indicated to the plaintiff that he needed treatment at an outside hospital. Plaintiff refused. Dr. Allen provided treatment.

7. On February 27, 2004, plaintiff alleges that defendant DiMezza entered his cell and assaulted him.

Based upon these allegations, plaintiff alleges that his Eighth and Fourteenth Amendment rights have been violated.

Plaintiff has filed a motion for summary judgement pursuant to Fed. R. Civ. P. 56(c). Defendants have objected thereto.

**Discussion**

Summary judgement's role in civil litigation is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Garside v. Osco Drug, Inc., 895 F.2d. 46, 50 (1st Cir. 1990). Summary judgement can only be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(c).

Rule 56 has a distinctive set of steps. When requesting summary judgement, the moving party must "put the ball in play, averring 'an absence of evidence to support a nonmoving party's case.'" Garside, 895 F.2d at 48 (quoting Celotex v. Catrett, 477 U.S. 317, 325(1986)). The nonmovant then must document some factual disagreement sufficient to deflect brevis disposition. Not every discrepancy in the proof is enough to forestall summary judgement;

the disagreement must relate to some issue of material fact. See Anderson v. Liberty Lobby Inc., 477 U.S. 242, 247-248 (1986).

On issues where the nonmovant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion. See id. at 256-257. This evidence "can not be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a fact finder must resolve at an ensuing trial." Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989). Evidence that is merely colorable or is not significantly probative cannot deter summary judgement. Anderson, 477 U.S. at 256-257.

Here, plaintiff filed his claims under the Eighth Amendment[2] and Fourteenth Amendment. Plaintiff alleges that the physical abuse he suffered at the hands of the named defendants violated the Eighth Amendment's prohibition of cruel and unusual punishments. Plaintiff also appears to allege that since he was the victim in all of the attacks, the disciplinary charges and resulting sanctions that followed each alleged attack violated his Fourteenth Amendment due process rights.

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. The Cruel and

[2] The Eighth Amendment is applicable to the states via the Fourteenth Amendment. Robinson v. California, 370 U.S. 660 (1962).

Unusual Punishments Clause was designed to protect those convicted of crimes, and can limit the type of punishment that is imposed. Ingraham v. Wright, 430 U.S. 651, 664 (1977). After an individual is incarcerated, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment. Whitely v. Albers, 475 U.S. 312, 318-319(1986). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause... ." Id. "The general requirement that an Eighth Amendment claimant allege and prove the unnecessary and wanton infliction of pain should also be applied with due regard for the differences in the kind of conduct against which an Eighth Amendment objection is lodged." Id. at 320. What is required to establish the unnecessary and wanton infliction of pain varies according to the nature of the alleged Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992).

In his Amended Complaint, plaintiff essentially alleges that defendants physically, and unnecessarily, assaulted him while incarcerated. As a result, the plaintiff alleges that he suffered numerous injuries. The use of excessive force can be an Eighth Amendment violation when there is unnecessary and wanton infliction of pain and the force was "maliciously and sadistically [used] to cause harm." Hudson, 503 U.S. at 6-7, Whitely, 475 U.S. at 320-321. Excessive force claims require inquiry into the prison official's

intent. See Hudson, 503 U.S. at 9. ("Thus courts considering a prisoner's claim must ask both if 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation.") (alteration in original) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

A plaintiff does not need allege that the injuries were serious. Hudson, 503 U.S. at 5. However, some level of physical force is immune from the purview of the Eighth Amendment. See id. at 10 ("[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action ...[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.") (internal quotations and citations omitted). Thus, in excessive force claims, a plaintiff must allege some degree of injury that is above *de minimis*.

In his motion for summary judgement, plaintiff complains about being denied relevant discovery. Plaintiff, however, offers no arguments nor does he set forth any support to sustain his motion for summary judgement. While plaintiff has submitted medical records which appear to indicate that he has suffered injuries, nothing submitted links those injuries to the named defendants. Moreover, nothing submitted demonstrates that the Eighth Amendment

was violated by the named defendants.

Defendants, in their statement of disputed facts, appear not to contest that the plaintiff sustained injuries. However, defendants dispute the manner in which they were received. Defendants contend that at "no time have any of the Defendants ever used excessive use of force on the Plaintiff." See Defendants' Statement of Disputed Facts (Dck # 45) ¶ 1. Defendants further contend that the "injuries as issue were sustained as a result of the Plaintiff's own actions, inflicting said injuries on himself." Id. at ¶ 4.

Since there is a factual dispute as to how the plaintiff received his injuries, and since no evidence demonstrates that the named defendants violated the Eighth Amendment, plaintiff's motion for summary judgement should be denied on his Eighth Amendment claims. Similarly, since plaintiff's Fourteenth Amendment due process claims are factually disputed and are predicated on the physical assaults plaintiff allegedly suffered, plaintiff's motion for summary judgement as to his Fourteenth Amendment claims should also be denied. I so recommend.

**Conclusion**

For the reasons set forth above, I recommend that the plaintiff's motion for summary judgement be denied. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt.

Fed.R.Civ.P. 72(b); LR Cv. 72(d). Failure to file timely, specific objections to the report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986)(per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
November 14, 2006