UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

v. C. A. NO. 04-380 T

A. T. WALL, et al

DEFENDANTS' OBJECTION TO
PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Now come the Defendants in the above-entitled matter and hereby object to the Plaintiff's motion for appointment of counsel as and for the reasons proffered in the accompanying Memorandum.

DEFENDANTS,
By Their Attorney,

/S/ Michael B. Grant

_____________________________

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

CERTIFICATION

The undersigned hereby certifies that on this, the 8th day of March, 2007, I mailed a true copy of the within Defendants' Objection to Plaintiff's Motion For Appointment of Counsel and accompanying Memorandum to Oliver Lyons, P. O. Box 8200, Cranston, R. I. 02920.

/S/ Michael B. Grant

_____________________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

v. C. A. NO. 04-380 T

A. T. WALL, et al

MEMORANDUM

Plaintiff, in the instant case, on two previous occasions, has motioned this Honorable Court for appointment of counsel. The Court denied both motions. Plaintiff now seeks appointment of counsel on the basis that the Defendants have indicated that he is mentally ill and therefore, Plaintiff needs assistance of counsel to prosecute the instant case.

Plaintiff's motion should be denied for the following reasons. Plaintiff indicates that in the past he has intentionally presented to ACI staff as mentally ill, in order to avoid being harmed physically by the Defendants. Thus, Plaintiff asserts that he is not mentally ill and yet, requests appointment of counsel based on the Defendants' assertions.

Most of Plaintiff's problems at the ACI have been caused as a result of his personality and in the manner in which he interacts with inmates and staff. The instant case has been pending in this Court for approximately two and one-half (2 1/2) years, and the Plaintiff has displayed no difficulty in framing the issues, articulating his claims and communicating with this Honorable Court. On November 8, 2004 and July 15, 2005, this Honorable Court denied Plaintiff's motions for appointment of counsel. The instant case does not involve complex legal issues, and during the pendency of this matter, approximately two and one-half years (2 1/2 years), Plaintiff has clearly displayed an ability to prosecute his claims. Exceptional circumstances do not exist in this case warranting appointment of counsel, and Defendants

urge that the Plaintiff's motion, once again, be denied. **Desrosier v. Moran**, 949 F.2d 15, 23 (1st. Cir. 1991).

Respectfully submitted,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864