**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**OLIVER LYONS**

**v.** **C. A. NO. 04-380 T**

**A. T. WALL, ET AL**

**DEFENDANTS' PRE-TRIAL MEMORANDUM**

Now come the Defendants in the above-entitled matter and hereby submit their pre-trial memorandum pursuant to this Honorable Court's order dated March 20, 2007.

**PARTIES**

Plaintiff, Oliver Lyons, acting pro-se. Defendants, A. T. Wall, Capt. Arnold Anderson, correctional officers Robert Dennett, Albenzio DiMezza, Avelino Duarte, Nicholas Violante, all represented by Michael B. Grant, Esq.

**FACTS**

Plaintiff alleges, in his complaint, that on November 3, 2001, Defendant Correctional Officer Dennett, Lt. Patnaude, and Correctional Officer Tierney assaulted Plaintiff resulting in torn knee ligaments. However, Defendants will show that on said date they lawfully entered Plaintiff's cell to restrain him, he resisted and assaulted Defendants requiring them to utilize force. All force used by Defendants was reasonable and necessary.

Plaintiff also alleges that on December 17, 2001, he was assaulted by Inmate Randy DeMello as a result of a set-up by Defendants Dimezza and Duarte, Officer Leduc and Lt. Yakey; that Plaintiff and DeMello were alone in a recreation cage when Plaintiff was attacked; the Defendants entered the cage in response to the altercation, throwing

Plaintiff to the ground and repeatedly punching and kicking him. Plaintiff alleges that he was then handcuffed and dragged, face down, by the Defendants, all the way to the hospital infirmary.

However, Defendants will demonstrate that they were, in fact, responding to an emergency code as a result of the altercation between DeMello and Plaintiff; that they separated the two men, and because of injuries Plaintiff sustained from his altercation with DeMello, they transported him to the High Security Infirmary. Defendants use of force was necessary and reasonable. Plaintiff was lawfully and properly disciplined for his participation in the altercation with Inmate DeMello.

Plaintiff alleges that on August 28, 2002, Defendants Anderson and Dennett entered his cell and assaulted him unlawfully. Defendants will demonstrate at trial that the Plaintiff had obstructed the window in his cell door, had expressed suicidal thoughts and would not respond to officers. As a result, Defendants were required to check the Plaintiff and opened his cell when they were attacked. Plaintiff was subdued, taken to the High Security Infirmary and appropriately disciplined for his actions.

Plaintiff alleges that on December 30, 2002, he was handcuffed by Defendant DiMezza, who then unlawfully attacked him. However, Defendants will demonstrate that it was Plaintiff who attached DiMezza upon exiting his cell to deposit his laundry.

Plaintiff alleges that on June 11, 2003, Defendant Duarte told him that he was not going to receive a shower or recreation. Later, Defendant Duarte returned to the Plaintiff's cell and asked him in a loud voice if he wanted a shower and recreation, to which Plaintiff declined. Immediately thereafter, Defendant Capt. Anderson, who was standing out of sight, appeared and indicated to the Plaintiff that he caught him in a lie in

refusing shower and recreation, when previously the Plaintiff had been complaining to him of being denied the same. Plaintiff alleges that he was ordered to cuff-up and to lie in the middle of his cell floor. Soon thereafter, a full extraction team came in and began to kick and punch him. Plaintiff was transported to Rhode Island Hospital; Defendant Violante and Duarte repeatedly attempted to pull his eye out.

Defendants will demonstrate that on said date Capt. Anderson ordered a cell search of Plaintiff's cell. Plaintiff was not complying with the Defendants' orders, and an extraction team was necessary in order to safely enter the Plaintiff's cell to conduct the search. Plaintiff caused his own injuries during the extraction in resisting and struggling with the officers. Defendants will demonstrate that they did not attempt to injure his eye. The Defendants who were accused of the same, they were not in any position to do so.

Plaintiff alleges that on February 26, 2004, he was assaulted and cuffed behind his back by Officers Duarte and Violante; that the Defendants threw him up against the window frame, severely cutting his head and then, dragged him down a corridor; that Defendant Anderson ordered the Plaintiff to be transported to Rhode Island Hospital with the same officers who had assaulted him; that Plaintiff refused to be transported and accordingly, an extraction team was again ordered to remove Plaintiff from his cell. Again, Plaintiff was beaten; Plaintiff refuses to be transported to an outside hospital, and instead, Dr. Allen, a physician at the Department of Corrections, inserted stitches. Soon thereafter, Defendant DiMezza entered the Plaintiff's cell and assaulted him again.

Defendants will demonstrate at trial that Plaintiff was refusing lawful orders and during a transport down a corridor by Officers Violante and Duarte, Plaintiff lunged at Officer Duarte, who pushed him away. As a result, Plaintiff hit a door jamb and he was

escorted to the High Security Infirmary. Plaintiff, in fact, refused to be transported to an outside hospital and he was seen by Dr. Allen at the High Security Center. However, it was determined that Plaintiff should be seen by an outside medical facility because of his injuries, and was ordered to be transported. Plaintiff refused the transport and an extraction team was again necessary for the transport. At no time was unreasonable or unlawful force utilized against Plaintiff.

Defendants will demonstrate at trial that Plaintiff is responsible for many of the injuries alleged in his complaint; that Plaintiff often refuses lawful orders, is extremely disruptive to the prison environment, and often attacks staff.

## ISSUES

Plaintiff has alleged that he has been subject to unlawful force; that on five (5) different occasions he was assaulted by the Defendants without provocation, sustaining serious injuries. A common issue of fact exists relative to all the incidents alleged, as to whether lawful force was utilized and whether plaintiff initiated the altercations and caused his own injuries. Defendants shall demonstrate that during said incidents, Plaintiff was the aggressor having attacked staff, and on many occasions, caused his own injuries. Plaintiff has admitted to injuring himself on several occasions.

Plaintiff also alleges that during these five (5) incidents, when he was subject to excessive force, he was also wrongfully disciplined, in violation of the Due Process Clause. Plaintiff does not allege that any of the disciplinary hearings were deficient procedurally, but simply alleges that he was wrongfully disciplined for having assaulted staff and disobeying orders, when in fact, he was assaulted by the Defendants.

## CLAIMS AND DEFENSES

Plaintiff claims he was subject to excessive force in violation of the Eighth Amendment to the United States Constitution. As stated above, Defendants deny all allegations and will demonstrate at trial that the Plaintiff himself caused many of his injuries and at all times pertinent the force utilized by the Defendants was lawful, necessary and reasonable.

## DAMAGES

No Defendant claims damages in this action.

## ARGUMENTS

A. The Eighth Amendment provides that "[e]xcessive bail should not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted" U.S.Const. amend. VIII. The cruel and unusual punishments clause was designed to protect those convicted of crimes, and can limit the type of punishment that is imposed. **Ingraham v. Wright**, 430 U. S. 651, 664 (1977). After an individual is incarcerated, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment. **Whitely v. Albers**, 475 U. S., 312, 318-319 (1986). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the cruel and unusual punishments clause. . . " Id. "The general requirement that an Eighth Amendment claimant allege and prove the unnecessary wanton infliction of pain should . . . be applied with due regard for the differences and kind of conduct which the Eighth Amendment objection is lodged. Id. at 320.

With respect to physical injuries inflicted, the use of excessive force can be an Eighth Amendment violation when there is an unnecessary and wanton infliction of pain, and the use of force was "maliciously and sadistically [used] to cause harm." **Hudson v. McMillian**, 503 U. S. 1, 6-7. Excessive force claims require inquiry into the Defendants' intent. Id. at 9. Thus, Courts considering a prisoner's Eighth Amendment claim must ask if the Defendant acted with a sufficiently culpable state of mind. See **Hudson**, 503 U. S at 9; **Wilson v. Seiter**, 501 U. S. 294, 298-303. An Eighth Amendment violation requires a state of mind akin to criminal recklessness; that the Defendant knew of, and consciously disregarded a substantial risk of serious harm. See **Farmer v. Brennan**, 511 U. S. 825 (1994); **Mahan v. Plymouth County House of Corrections**, 64 F. 3d 14 (1st. Cir. 1995).

Plaintiff has alleged that the Defendants, on numerous occasions, have attacked and beaten him without cause. However, Defendants will demonstrate at trial that anytime force was utilized on the Plaintiff, it is lawful and only applied in self defense to carry out a lawful order upon the Plaintiff's refusal. The Plaintiff himself attacked the Defendants on several occasions. Defendants will demonstrate at trial that, on many occasions, Plaintiff is guilty of injuring himself and blaming the Defendants.

## B. INMATE ATTACK ON PLAINTIFF

The Eighth and Fourteenth Amendments place a duty on prison officials to protect inmates from harm by other prisoners. **Cortes-Quinones v. Jimenez-Nettleship**, 842 F. 2d 556, 558 (1st. Cir.) cert, denied 488 U. S. 423 (1988).

Plaintiff alleges that he was attacked during recreation by Inmate DeMello; that the Defendants arranged for the two inmates to be together and "set Plaintiff up for attack" by

Inmate DeMello. However, in order for Plaintiff to demonstrate culpability on the Defendants' part, he must demonstrate that the Defendants acted with deliberate indifference. Again, deliberate Indifference requires a state of mind akin to criminal recklessness; that Defendants knew of and consciously disregarded a substantial risk of serious harm. See **Farmer v. Brennan**, 511 U. S. 825 (1994); **Mahan**, supra., and **Kogut v. Katz**, 187 F.3d 622 (1st. Cir. 1998). Plaintiff has neither alleged any evidence, nor can he demonstrate that the proximate cause of the assault on Plaintiff by Inmate DeMello was as a result of any culpable intent on the part of the Defendants .

## C. DISCIPLINARY INFRACTIONS IMPOSED ON PLAINTIFF

Plaintiff alleges that after being attacked by the Defendants on several occasions., he was cited for disciplinary rule violations and placed in Segregation. Plaintiff alleges that there was no lawful basis for the disciplinary action.

The operation of a correctional institution is at best an extra-ordinarily-difficult undertaking. **Wolff v. McDonnell**, 418 U. S. 539, 94 F. Ct. 2963, 41 L. Ed. 2d 935. Any restrictions on an inmate's already limited liberty must be balanced against the State's interest and the smooth functioning of its correctional institutions, keeping in mind that the personal safety and welfare of both inmates and employees may depend on the efficacy with which prison procedures are carried out. The "administrative burden" imposed on institution officials is a factor to be taken into consideration. **(People ex rel Vega v. Smith** , 66 N.Y. 2d 130, 141-145 N.Y.S. 2d N.E. 2d 997. Defendants will demonstrate at trial that it was the Plaintiff who failed to obey lawful orders and, in fact,

attacked them on several occasions; thus, resulting in the Plaintiff's disciplinary confinement.

**ESTIMATED TIME OF TRIAL**

It is anticipated that two (2) days will be required to complete the trial in its entirety.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**OLIVER LYONS**

**v.** **C. A. NO. 04-380 T**

**A. T. WALL, ET AL**

**PARTIES**

Plaintiff, Oliver Lyons, acting pro-se. Defendants, A. T. Wall, Capt. Arnold Anderson, correctional officers Robert Dennett, Albenzio DiMezza, Avelino Duarte, Nicholas Violante, all represented by Michael B. Grant, Esq.

**DEFENDANTS' REQUEST FOR JURY INSTRUCTIONS**

Now come the Defendants and request that the jury instructions are attached hereto.

Respectfully submitted,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

## JURY INSTRUCTION REQUEST NO. 1

**PRELIMINARY GENERAL: NATURE OF CASE; BURDEN OF PROOF; DUTY OF JURY; CAUTIONARY**

This is a civil case brought by the Plaintiff, Oliver Lyons, currently a Maximum Security inmate housed at the Maximum Security facility at the Adult Correctional Institutions located in Cranston, Rhode Island. This action is brought against Defendants A. T. Wall II, the Director of the Rhode Island Department of Corrections, Captain Arnold Anderson, a Correctional Officer/Captain, who at all pertinent times was posted at the High Security Center of the Adult Correctional Institutions; Correctional Officers Robert Dennett, Albenzio Dimezza, Avelino Duarte, Nicholas Violante, who at all pertinent times were posted at the High Security Center of the Adult Correctional Institutions. The Plaintiff alleges that certain of the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment, and that his Fourteenth Amendment right to the United States Constitution was violated as a result of he being disciplined internally at the Adult Correctional Institutions. The Defendants deny the allegations.

The Defendants allege that their actions were legal under federal law, and that Plaintiff himself caused his injuries; that Plaintiff on numerous occasions, at all times pertinent, denied lawful orders and, in fact, committed assaults on the Defendants. It will be your duty to decide from the evidence whether the Plaintiff is entitled to a verdict and damages against the Defendants. The Defendants are not sued as a group. Plaintiff has alleged specific causes of action against a specific Defendant or Defendants, and each of those causes of action must be proved under the law as I am about to instruct you.

From the evidence, you will decide what the facts are. You are entitled to consider that evidence in light of your own observations and experiences in the affairs of life. You will then apply those facts to the law, which I give you in these and in my other instructions, and in that way, reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe, and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, the training and opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and extent to which their testimony is consistent with other evidence that you believe. Do not allow sympathy or prejudice to influence you. The law demands of you, a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

## JURY INSTRUCTION REQUEST NO. 2

### SYMPATHY

Under your oath as jurors, you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial without regard to the

consequences of your decision. You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict.

**JURY INSTRUCTION REQUEST NO. 3**

**BURDEN OF PROOF**

This is a civil case and as such, the Plaintiff has the burden of proving the allegations of his complaint by a preponderance of the evidence. The Defendants do not have a burden to prove anything.

Plaintiff must separate and distinct claims against specific Defendants. The Defendants are not to be treated as a group; rather, each element of each case pled by the Plaintiff must be proved against each Defendant against whom money damages are sought.

If after considering all the testimony, you are satisfied that the Plaintiff has carried the burden of on each essential point as to which he has the burden of proof, then you must find for the Plaintiff on his claims. To prove something by a preponderance of the evidence, it is to prove that it is more likely true than not true. It is determined by considering all the evidence and deciding which evidence is more believable. If after such consideration, you find the testimony of both sides to be in balance or equally probable, then the Plaintiff has failed to sustain his or her burden, and you must find for the Defendants.

If upon consideration of all the facts on the issue of the Defendants' fault, you find that the Plaintiff has failed to sustain the burden cast upon him on any claim, then you proceed no further and your verdict must be for that Defendant against whom the evidence is found to be insufficient.

**JURY INSTRUCTION NO. 4**

**PREPONDERANCE OF THE EVIDENCE**

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them. That a Plaintiff introduced a particular document does not prevent you from using that document to support a claim of a defendant; that defendant called a particular witness does not prevent you from using testimony by that witness to support a claim made by Plaintiff.

If you find that the credible evidence on a given issue is evenly divided - that it is equally probable that one side is right, as it is that the other side is right - then you must decide that issue against the party having the burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence – he or she must prove the element at issue by a preponderance of the evidence. On the other hand, the

party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly in favor of the party with this burden of proof- that what the party claims is more likely true than not true, then that element will have been proved by a preponderance of the evidence.

**JURY INSTRUCTION REQUEST NO. 5**

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, training, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things especially in a rapidly evolving or stressful situation. Two people witnessing an event may see or hear it differently. You need to consider therefore whether a contradiction is an innocent misrecollection, a lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

**JURY INSTRUCTION REQUEST NO. 6**

**IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS**

You have heard evidence that at some earlier time the witness has said or done something which counsel argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

## JURY INSTRUCTION NO. 7

**SPECULATION AND CONJECTURE**

The Plaintiffs cannot rely on conjecture or speculation to establish the essential elements of their case.

## JURY INSTRUCTION NO. 8

**EIGHTH AMENDMENT -- PROHIBITION TO UNREASONABLE AND EXCESSIVE FORCE**

The Eighth Amendment provides that "[e]xcessive bail should not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted" U.S.Const. amend. VIII. The cruel and unusual punishments clause was designed to protect those convicted of crimes, and can limit the type of punishment that is imposed. Ingraham v. Wright, 430 U. S. 651, 664 (1977). After an individual is incarcerated, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment. Whitely v. Albers, 475 U. S., 312, 318-319 (1986). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the cruel and unusual punishments clause. . . " Id. "The general requirement that an Eighth Amendment claimant allege and prove the unnecessary wanton infliction of pain should . . . be applied with due regard for the differences and kind of conduct which the Eighth Amendment objection is lodged. Id. at 320.

With respect to physical injuries inflicted, the use of excessive force can be an Eighth Amendment violation when there is an unnecessary and wanton infliction of pain, and the use of force was "maliciously and sadistically [used] to cause harm." Hudson v.

McMillian, 503 U. S. 1, 6-7. Excessive force claims require inquiry into the Defendants' intent. Id. at 9.

Thus, in considering whether an Eighth Amendment violation occurred, you must ask if the Defendant acted with a sufficiently culpable state of mind. See Hudson, 503 U. S at 9; Wilson v. Seiter, 501 U. S. 294, 298-303. An Eighth Amendment violation requires a state of mind akin to criminal recklessness; that the Defendant knew of, and consciously disregarded a substantial risk of serious harm. See Farmer v. Brennan, 511 U. S. 825 (1994); Mahan v. Plymouth County House of Corrections, 64 F. 3d 14 (1st. Cir. 1995).

If you find that the Defendants in using force were defending themselves from an attack by Plaintiff and that he was the aggressor, and that the amount of force utilized was reasonable and necessary for the Defendants' protection, you must find that no Eighth Amendment violation occurred.

If you find that the Defendants in using force were enforcing an order that was lawful, and that the amount of force utilized was reasonable and necessary, you must find that no Eighth Amendment violation occurred.

The Defendants can be held liable only on the basis on their own acts or omissions, under the federal law. In order for any Defendants to be held liable, personal involvement must be shown. Monell v. Dept. of Social Services.

**<u>JURY INSTRUCTION NO. 9</u>**

**CIVIL RIGHTS 42 U.S.C. § 1983**
**EIGHTH AMENDMENT CLAIM -- EXCESSIVE FORCE**

In this case, Plaintiff claims that Defendants were acting "under color" of state law, intentionally to deprive Plaintiff of his rights under the Constitution of the United States of America.

Specifically, the Plaintiff claims that while the Defendants were acting under color of authority of the State of Rhode Island as members of the Adult Correctional Institutions, they intentionally violated the Plaintiff's Constitutional rights to be free from cruel and unusual punishment. Defendants deny that they violated the Plaintiff's Constitutional rights. The Defendants claim that they, in good faith, used only reasonable and necessary force in their treatment of the Plaintiff in mandating that the Plaintiff follow the lawful rules of the Adult Correctional Institutions. Defendants also claim that force was used in order defend themselves against attacks by Plaintiff.

In order to prevail on its claim, Plaintiff must prove each of the following facts by a preponderance of the evidence against each Defendant against whom may seek damages:

<u>First</u>: That the Defendant against whom damages are sought intentionally committed the acts that violated the Plaintiff's federal constitutional right not to be subject to excessive unreasonable force.

<u>Second</u>: That in doing so, the Defendant acted "under the color" of the authority of the state of Rhode Island; and

<u>Third</u>: That the Defendants' act(s) with approximate or legal cause of the damages sustained by the Plaintiff.

If Plaintiff fails to prove any one of these elements, you must find for the defendant against whom damages are sought.

Some of the things you may want to consider in determining whether the defendant(s) used excessive force are (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of a forceful response. Injuries which result from, for example, a correctional officer's use of force to overcome resistance to a lawful order do not involve constitutionally protected interests.

If you find that the Plaintiff has proven his claim, you must then consider the Defendants' defense that their conduct was objectively reasonable, necessary or in self-defense and that the Defendants are therefore not liable.

Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the defendant was a cause-in-fact of the damage the Plaintiff suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. The Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the defendant was a proximate cause of the damage Plaintiff suffered. An act or omission is a proximate cause of the Plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

Johnson v. Morel, 876 F.2d 477, 479 (5th Cir.1989). See Anderson v. Nosser, 456 F.2d 835 (5th Cir.1972), affirmed *sub nom*. Nosser v. Bradley, 409 U.S. 848, 93 S.Ct. 53, 34 L.Ed.2d 89 (1972); Reimer v. Smith, 663 F.2d 1316 (5th Cir.1981). Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156, 60 U.S.L.W. 4151 (1992); Pattern Jury Instructions 10.5.

## JURY INSTRUCTION NO. 10

## FACT OF INJURY INSUFFICIENT TO PROVE EXCESSIVE FORCE

The mere fact that a Plaintiff suffered an injury is insufficient to prove a case of excessive force. Plaintiff must prove that the force used was not objectively reasonable at that moment, under all of the circumstances, as I have instructed you.

## JURY INSTRUCTION REQUEST NO. 11

## DAMAGES TO BE REASONABLE

If you, the jury, determine under the rules and definitions I have given you, that the Plaintiff is entitled to recover damages, and only if you so determine, then he is entitled to recover only fair, just and reasonable compensation. It is not proper for a jury in considering the question of damages to attempt to be generous, rather than fair and reasonable. Damages must be based on the evidence so as to reasonably compensate the injured party.

**JURY INSTRUCTION REQUEST NO. 12**

**DUTY TO PROTECT**

The Eighth and Fourteenth Amendments place a duty on prison officials to protect inmates from harm by other prisoners. Cortes-Quinones v. Jimenez-Nettleship, 842 F. 2d 556, 558 (1st. Cir.) cert, denied 488 U. S. 423 (1988).

Plaintiff alleges that he was attacked during recreation by Inmate Randy DeMello; that the Defendants arranged for the two inmates to be together and "set Plaintiff up for attack" by Inmate DeMello. However, in order for Plaintiff to demonstrate culpability on the Defendants' part, he must demonstrate that the Defendants acted with deliberate indifference. Again, deliberate Indifference requires a state of mind akin to criminal recklessness; that Defendants knew of and consciously disregarded a substantial risk of serious harm. See Farmer v. Brennan, 511 U. S. 825 (1994); Mahan, supra., and Kogut v. Katz, 187 F.3d 622 (1st. Cir. 1998).

For a Defendant to be in violation of the Eighth Amendment for the attack by inmate DeMello, you must find that Plaintiff has in fact identified a defendant or defendants and that he or they knew Plaintiff would be subject to an attack in placing him in recreation with inmate DeMello.

**JURY INSTRUCTION REQUEST NO. 13**

**DISCIPLINARY INFRACTIONS IMPOSED ON PLAINTIFF**

Plaintiff has alleged that after being attacked by the Defendants on several occasions, he was cited for disciplinary rule violations and placed in Segregation. Plaintiff has alleged that there was no lawful basis for the disciplinary action.

The operation of a correctional institution is at best an extra-ordinarily-difficult undertaking. Wolff v. McDonnell, 418 U. S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935. Any restrictions on an inmate's already limited liberty must be balanced against the State's interest in the smooth functioning of its correctional institutions, keeping in mind that the personal safety and welfare of both inmates and employees may depend on the efficacy with which prison procedures are carried out. The "administrative burden" imposed on institution officials is a factor to be taken into consideration. (People ex rel Vega v. Smith , 66 N.Y. 2d 130, 141-145 N.Y.S. 2d N.E. 2d 997. If you find that Defendants in fact did utilize reasonable and necessary force upon the Plaintiff relative to any single incident Plaintiff has testified to, then you must find that any disciplinary infraction imposed upon Plaintiff as a result of he violating an institutional rule or order during the incident was proper.

**CERTIFICATION**

I hereby certify that on this 19th day of April, 2007 a true copy of the within was mailed to:

Oliver Lyons
P.O. Box 8273
Cranston, RI 02920

/S/ Michael B. Grant