UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

V. C. A. NO. 04-380 T

A. T. WALL, ET AL

MOTION IN LIMINE

Now come the Defendants and request that the Court enter an order prohibiting the mention or the introduction of any evidence regarding the following:

1. Any testimony by the Plaintiff relative to an incident involving Deputy Sheriff Michael Gomes that occurred on or about August 14, 2003;

2. The introduction of any document or investigative report issued by the Rhode Island Department of Corrections, the State Police or any other State agency relative to the hereinbefore mentioned incident;

3. Any type of video recording depicting interaction between Plaintiff and Deputy Sheriff Michael Gomes on or about August 14, 2003.

A Memorandum in Support hereof is attached.

Defendants
By Their Attorney,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

CERTIFICATION

The undersigned hereby certifies that on this, the 25th of May, 2007, I hand delivered a true copy of the within Motion in Limine and accompanying Memorandum to Oliver Lyons, P. O. Box 8273, Cranston, R. I. 02920.

/S/ Michael B. Grant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

V. C. A. NO. 04-380 T

A. T. WALL, ET AL

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE

Plaintiff's civil rights action was filed against several employees/staff and administrators employed at the Rhode Island Department of Corrections. Plaintiff intends to provide testimony at trial relative to an incident that occurred between him and Deputy Sheriff, Michael Gomes that allegedly occurred on August 14, 2003. Plaintiff also seeks to introduce at trial a Department of Corrections internal affairs investigative report concerning said incident, and possibly a State Police investigative report, as well as a video CD containing footage depicting Plaintiff and Deputy Sheriff Michael Gomes on August 14, 2003. Although the Defendants were ordered to produce the documents and information to the Plaintiff, and have done so, it is clearly not relevant to the claims that Plaintiff asserts against the instant Defendants. Plaintiff alleges that his civil rights were violated during eight incidents occurring between 2001 and 2004 involving him and several correctional officers at the Adult Correctional Institutions. Any incident that occurred between a deputy state sheriff and Plaintiff is clearly not relevant, and should be prohibited from being introduced at trial.

Respectfully submitted,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864