UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

v. CA No. 04-380-T

A.T. WALL, et al

**MEMORANDUM AND ORDER DENYING REQUEST TO APPEAL IN FORMA PAUPERIS**

ERNEST C. TORRES, Senior United States District Judge.

Oliver Lyons is a state prisoner who has a history of filing non-meritorious civil actions against correctional officers and prison officials. See, CA No. 05-94-L (§ 1983 action dismissed for failure to state a claim upon which relief can be granted); CA No. 05-433-L (granting summary judgment in favor of defendant prison officials); and CA No. 06-257-S (§ 1983 action against warden and others dismissed for lack of prosecution).

Lyons brought this § 1983 action against the Director of Corrections, several prison officials, prison medical staff and 18 correctional officers alleging that they violated his Eighth Amendment rights by using excessive force against him on a number of occasions.

Lyons was permitted to proceed in forma pauperis and the case was tried to a jury. Before trial, the claims against 50 of the defendants were dropped. At trial, motions for judgment as a

matter of law were granted as to A.T. Wall and Captain Anderson, and the jury returned verdicts in favor of the remaining defendants.

Lyons, thereupon, filed a notice of appeal in forma pauperis as well as a motion to be provided with transcripts of the trial and all pretrial conferences. For the reasons hereinafter stated, this Court finds that the appeal is not taken "in good faith" within the meaning of 28 U.S.C. § 1915; and, therefore, that it may not be taken in forma pauperis.

**Analysis**

A civil litigant's entitlement to appeal in forma pauperis is governed by 28 U.S.C. § 1915 which provides that, "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Because the good faith standard is an objective one, an appeal is deemed not taken in good faith if the issues presented are frivolous. Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). The "good faith" requirement is designed "to ensure that judicial and public resources are not expended needlessly on an appeal which has no basis in law or fact." See In re Heghmann, 324 B.R. 415 (1st Cir. BAP 2005). An appeal is considered frivolous when it is based on an "indisputably meritless legal theory or factual allegations that are clearly baseless." Forte v. Sullivan, 935 F.2d 1, 3 (1st Cir. 1991).

During the trial, Lyons presented little or no evidence to support the sweeping allegations made in his complaint. The evidence that he did present consisted entirely of his own testimony that was flatly contradicted both by the testimony of numerous other witnesses and by video tapes of some of the incidents that were the subject of his claims. Moreover, the evidence showed that, in addition to his history of filing non-meritorious cases in this Court, Lyons has a long record of disciplinary infractions at the prison.

In short, this case came down to a question of credibility which the jury resolved in favor of the defendants. The overwhelming weight of the evidence supports the jury's verdict and Lyons has presented no reasonable basis for concluding that the verdict might be overturned on appeal or that there is any other legitimate ground for appeal.

## Conclusion

For all of the foregoing reasons, this Court hereby certifies that the purported appeal is not taken in good faith and that Lyons is not entitled to appeal in forma pauperis.

IT IS SO ORDERED:

Ernest C. Torres
Sr. U.S. District Judge

Date: July 12, 2007